Chief Justice Robertson
delivered the Opinion of the Court.
After a fieri facias, in favor of Huey, and against Redden and Mason, had been levied on the property of the debtors, both Huey and Redden died; and thereupon, a scire facias was issued in the name of Huey’s administrator, and against Mason and the heirs of Redden, for reviving the judgment. Mason pleaded the levy and the fact that it was “still binding the property,” in bar of the scire facias. The Court overruled a demurrer to the plea; and the plaintiff having failed to reply, judgment was thereupon rendered in favor of the defendants; to reverse which, this writ of error is prosecuted.
A venditioni exponas could give to the sheriff no new authority; and therefore, if the execution itself, which had been levied, had not abated by the death of the creditor, there would be no ground for sustaining the scire facias. By the death of Redden, the liability survived against Mason; and therefore Redden’s death did not abate the execution, so far as Mason was concerned; nevertheless, the creditor would, in that event alone, have had a right to revive against Redden’s representatives, so as to increase his.security.
But as, according to the case of Wagnon vs. M’Coy’s Executors, (2 Bibb, 198,) the death of Huey, the creditor in the execution, deprived the debtors of the benefit of replevying the debt, the execution, notwithstanding the levy, should be deemed to have been abated by his death. And therefore a scire facias, to have judgment of revivor in the name of his proper representative, could be maintained: and consequently, the plea was altogether insufficient.
Judg’t for def’tS', upon a defective and insufficient scire facias, is no bar to another for same cause.
But the demun'er to the plea brought up the scire facias; 'and if that be radically defective, the judgment must be sustained.
It is, in our opinion, thus defective in one particular. Redden’s heirs can only be sued jointly with his personal representative, unless a year at least had elapsed from his death, and no such representative had been appointed. No personal representative of Redden has been made a party, and the only reason assigned in the scire facias, for the omission, is that there was no such representative. But that alone is insufficient. And it does not appear that Redden had been dead as long as a year before the issuing of the Scire facias. It seems to us, therefore, that the scire facias could not be sustained against the heirs. And that, therefore, although the plea was insufficient, the final judgment on the scire facias was proper; for such a judgment, sustained on such a ground, will not bar a new scire facias containing the necessary averments, or making the proper parties.
Wherefore it is considered that the judgment of the Circuit Court be affirmed.