No. 82.—STITH H. INGRAM, plaintiff in error, *vs.* ELIZABETH HURT, admr'x, &c. defendant in error.

[1.] When an affidavit of illegality was filed according to the provisions of our Statute, against the levy of an execution, issued upon a judgment obtained against an intestate in his *life time*, upon his goods and chattels in the hands of his administratrix, before the expiration of twelve months from the date of her letters of administration : *Held*, that the judgment creditor was not restrained, by the 12th section of the Judiciary Act of 1799, from the collection of such judgment, until the expiration of twelve months, by a levy and sale of the intestate's property.

Illegality, in Baldwin Superior Court. Decision by Judge JOHNSON, August Term, 1851.

Stith H. Ingram was the assignee of two judgments against Spencer Hurt, rendered against him in his lifetime. After his death, the *fi. fas.* issued thereon were levied on several slaves, the property of the estate. Elizabeth Hurt, the administratrix, filed an affidavit of illegality, on the ground that twelve months had not yet expired since the grant of administration to her.

The Court sustained the illegality, and this decision is assigned as error.

MERIWETHER, for plaintiff in error.

J. WINGFIELD and CONE, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] This case came before the Court below, on an affidavit of illegality, filed by the administratrix of Spencer Hurt, deceased, to an execution which had been levied by the Sheriff on the property of her intestate, in her hands, as administratrix. The alleged ground of illegality is, that twelve months had not expired from the date of the administratrix's letters. of administration, to the time of the levy ; and the question is, whether a

judgment obtained against the intestate in his *life time*, may be collected, by the levy of an execution issued thereon, before the expiration of twelve months from the date of the letters of administration ?  By the 12th section of the Judiciary Act of 1799, it is declared, " No *suit or action* shall be issued against any executor or administrator, for any matter or cause against the testator or intestate of such executor or administrator, in any of the said Courts, until the expiration of twelve months after the probate of the will of such testator, or letters of administration granted on the estate of such intestate."  *Prince*, 422.  It is insisted, that the levying of the *fi. fa.* on the goods and chattels of the intestate, is embraced within the provisions of the before recited Act. What was the Common Law rule upon this subject, and how far and to what extent has that rule been altered by the 12th section of the Judiciary Act of 1799 ?  By the Common Law, if there was a judgment against the testator or intestate, at the time of his death, the creditor might take his goods in execution, in the hands of the executor or administrator, if the judgment was recovered within a year before his death.  *Odes vs. Woodward*, 2 *Lord Raymond*, 850.  See, also, to the same point, 4 *Comyn's Dig.* 248, *title Execution, letter d*, 2.  *Toller's Law of Executors*, 469.  *Bragner vs. Langmead*, 7 *Term Rep.* 20.  Whether the *fi. fa.* which issued on the judgment, was *tested* before the death of the intestate, or afterwards, does not appear in the record, and no question was made as to that fact in the affidavit of illegality.  Upon that point, therefore, we express no opinion. The Act of 1799 restrains " *suits or actions*" against executors and administrators, but does not restrain the collection of *judgments* already obtained against the testator or intestate in his *lifetime*, by levy and sale of his goods and chattels under execution issued thereon.  The Act of 1799 cannot be extended so as to repeal the Common Law, by *implication*.  By the 14th section of the Judiciary Act of 1797, it is declared, " That no suit shall be instituted, or *execution issue* against any executor or administrator, for any debt or demand due or owing by any testator or intestate, until the expiration of twelve months from and after the death of such testator or intestate."  *Marbury &*

*Crawford's Dig.* 274. When the Legislature of 1799 revised the Judiciary Act of 1797, in relation to suits, &c. against executors and administrators, the word "execution" was stricken out, which indicates pretty clearly that they intended to leave the matter to be regulated by the rule of the Common Law. The contemporaneous construction which has been given to our Judiciary Act of 1799, so far as we know, or have been advised by the oldest practitioners at the bar, authorizes the collection of a judgment obtained against a testator or intestate, in his *lifetime*, by a levy and sale of his goods and chattels, before the expiration of twelve months; the collection of such judgments have never been considered as embraced within the 12th section of the Judiciary Act of 1799. In answer to the argument, that to allow the collection of such judgments, before the expiration of twelve months, would greatly frustrate the administrator in paying the debts of the intestate, according to their *legal priority*, we have only to say, that the Court of Equity is always open for the assistance and protection of the administrator, as well as the rights and interests of those whom he represents, and also for the relief of the *priority* creditors, in case there should be no administration.

Let the judgment of the Court below be reversed.