No. 68. JANE S. WILLIAMS *et al.* plaintiffs in error, *vs.* ROYAL R. JENKINS, defendant in error.

[1.] On a proper case made, it is competent for the Chancellor to appoint a receiver, on the *ex parte* application of the complainant, before answer, the facts being verified by his affidavit.

[2.] A Court of Equity has jurisdiction to appoint a receiver at the instance of one tenant in common against his co-tenants, who are in possession of undivided valuable property, receiving the whole of the rents and profits, and excluding their companion from the receipt of any portion thereof, when such co-tenants are *insolvent*.

In Equity, in Sumter Superior Court.   Decision by Judge WARREN, on application for the appointment of a receiver, at Chambers, June, 1852.

Royal R. Jenkins filed a bill returnable to the Superior Court of Sumter County, alleging that in the year 1851, he sold to Wesley A. Williams, Abraham G. W. Williams, and Jane S. Williams, a certain tract of land in Sumter County, with valuable mills and other improvements thereon, for the sum of $5,500, due in three instalments; that he first gave them his bond for titles, but afterwards an absolute deed in fee simple; that there had been payments made on the notes so as to reduce the amount due to $3,700, none of which was due; that the defendants, Williams, were utterly insolvent, having no other property besides these mills; that two of them had conveyed their interest to one Horne, who took it with notice of complainant's lien as vendor for the purchase money. The bill was filed to enforce this lien, and prayed a sale of the two-thirds interest claimed by Horne; and after paying complainant's claim, that the balance be paid to Horne.

Subsequently, complainant filed a supplemental bill, charging that complainant, since the filing of said bill, had purchased the undivided one-third part of Abraham G. Williams in said land, and thereby became tenant in common with other owners; that he had applied to Jane S. and Wesley A. to be let into the possession and enjoyment of the said premises, as a tenant in common; that Jane S. Williams referred him to one William Horne, to whom she said she had sold all her interest; that he went to Horne, who confirmed the story, and said he was in full possession; that he and Horne then entered into an arrangement for the carrying on of the business and working the mills; that they jointly hired hands and went into the immediate possession of the same. A few days afterwards, Horne abandoned the mills, and complainant being absent, Mrs. Williams took possession of the mills and locked up the doors; complainant on his return, unloosed the doors and took possession again. Mrs. Williams sued out a process of forcible entry and detainer, and on the trial, Horne, as a witness, swore that all the representations of himself and Mrs. Williams to complainant, were untrue—a mere pretense and sham, intended to force him to sell out his share at a nominal sum. The Jury found for Mrs. Williams,

**and** complainant turned out of possession.    Since that time complainant has made various propositions (set forth at length in the bill,) to Mrs. Williams for the joint working of the mills, or for securing to each their portion of the profits, (alleged to be $1,000 to $2,000 per year;) that Mrs. Williams and Wesley A. are in the exclusive possession of the mills; that they manage them in a negligent, careless, and unskilful manner, and are reputed in the neighborhood, to be dishonest and untrustworthy as 'millers, and  consequently, the mills are losing much of their custom; that the said Jane and Wesley, are continually devising means to defraud complainant out of the balance due him for the purchase money, and also his interest as tenant in common ; that they are wholly worthless and insolvent, except as to the amount of their interest in said land and mills; that they have threatened to sell the land to a *bona fide* purchaser without notice, and thus destroy the vendor's lien.

The prayer of the bill was for the appointment of a receiver to take possession of the lands and mills, to keep the same in repair, work them, and account to the Court for the profits until the farther order of the Court.

On motion at Chambers to appoint a receiver, the same was resisted by counsel for defendants, because complainant had a complete remedy at Law.

The Court appointed a receiver, and this decision is assigned as error.

Moore and Worrill, for plaintiff in error.

E. R. Brown and Sullivan, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

This was an application to the Chancellor to appoint a receiver, on the *ex parte* application of the complainant.    The facts alleged in the bill, were verified by the affidavit of the complainant.

[1.] On a proper case made, it was competent for the Chancellor to appoint a receiver, on the *ex parte* application of the com-

planaint, before the answer of the defendant was filed. *Jones vs. Dougherty*, 10 *Georgia Rep.* 274.

[2.] Do the allegations in this bill shew that the discretion of the Chancellor in the appointment of a receiver, was properly exercised ?   The complainant is the owner of one-third part of valuable property consisting of a saw and grist mill, as a tenant in common with the defendants, who are in possession of the same, which is of the annual value of one or two thousand dollars.

The complainant alleges the bad management of the mills by the defendants—their intention to defraud him, as manifested by their various acts, which the complainant specifically alleges, and that they are *insolvent*, except as to their interest in the mill property ; that there is now due the complainant for the original purchase money of said mills from the defendants, the sum of $3,716 00. Assuming the original price paid for the property, to be its true value, (to wit) $5,500 00, the two-thirds thereof, which the defendants now own, is worth about the sum of $3,666 00, which is *less* than the amount of the original purchase money now due the complainant, so that when the original purchase money shall be paid to the complainant, (for which he asserts his vendor's lien) the defendants will have *nothing to pay him* for his share of the annual rents and profits thereof. The defendants are in the possession and enjoyment of the property, and refuse to allow the complainant to participate in the same, in any manner whatever.   The complainant shews that he has offerred to take possession of the mills, and give bond and security to the defendants, to account to them for their share of the pofits ; or to let them continue in possession on their doing the same, to account to him for his share of the profits, which they have refused.   The plaintiff in error, however, insists that a Court of Equity will not interfere, and appoint a receiver, at the instance of one tenant in common against another, who is in possession, because the party complaining may relieve himself at Law, by a writ of *partition*.   Concede that the complainant in this case might have a writ of partition at Law, for his share of the property, what adequate remedy has

he at Law, in the meantime, for the *profits* of the mills, while in the possession of the defendants, who are *insolvent?*

We entertain no doubt that a Court of Equity has jurisdiction to appoint a receiver, at the instance of one tenant in common against his co-tenants, who are in possession of undivided valuable property, receiving the whole of the rents and profits, and excluding their companion from the receipt of any portion thereof, when such tenants are *insolvent.* 2 *Story's Equity*, §. 833. *Street vs. Anderson*, 4 *Brown's Chan. Rep.* 415. *Milbank vs. Revet*, 2 *Merrivale*, 405. The discretion of the Chancellor in appointing a receiver in this case, was, in our judgment, properly exercised; therefore, let the judgment of the Court below be affirmed.