Venable vs. Smith's ex'or.

CASE 20—MOTION—SEPTEMBER 27.

## Venable vs. Smith's ex'or.

APPEAL FROM THE CHRISTIAN CIRCUIT COURT.

By the *Civil Code*, the death of the plaintiff in an execution does not abate either the judgment or execution, but it suspends further proceedings until administration be granted, and the clerk be authorized to make the indorsements as provided in *sections* 432, 433, 434. (17 *B. Mon.*, 233.)

BUCKNER, PHELPS & ROGERS, for appellant, cited *Civil Code*, sec. 434; 5 *J. J. M.*, 164; 2 *Rev. Stat.*, 400.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

Whether W. T. Smith, the plaintiff in the execution claimed to be replevied, was living on the 19th of October, 1859, when it was issued, does not satisfactorily appear from the testimony. But we do not deem that fact material in this controversy, as it is shown conclusively that he had died previous to the 1st day of December, 1859, the date of the bond.

In *Waynon vs. McCoy's executor*, 2 *Bibb*, 198, this court de-

cided that an execution abates by the death of the plaintiff, after it has been delivered to the sheriff, but before it has been levied or replevied.

In *Huey's administrator vs. Redden's heirs, &c.*, 3 *Dana*, 488, it was held that, as, according to the case of *Waynon vs. McCoy's executor, supra,* the death of the plaintiff in the execution deprived the defendant of *his legal right* to replevy the debt, the execution, although it may have been levied, should be deemed to have abated by his death.

Since the adoption of the Civil Code, the death of the plaintiff does not actually abate either the judgment or the execution; but it suspends all further proceedings on the execution until administration be granted, and the clerk be authorized to make the proper indorsements thereon, as provided in *sections* 432, 433, 434, *Civil Code;* so that the defendant may have the benefit of a sale on credit "*or his right to replevy* the debt." (*Morgan, &c., vs. Winn's adm'r.,* 17 *B. M.,* 233.)

It seems to us, therefore, from these authorities, as well as upon principle, the sheriff, at the time the replevin bond was executed, had no authority to take the same.

Wherefore, the judgment is reversed, and the cause remanded, with directions that said replevin bond be quashed.