OF

# THE COURT OF APPEALS

## OF KENTUCKY.

### SUMMER TERM, 1866.

CASE 1—PETITION EQUITY—SEPTEMBER 26.

## Holeman's ex'r vs. Holeman's heirs, &c.

APPEAL FROM UNION CIRCUIT COURT.

1. The power of a sheriff to enforce his levy upon land, by a sale thereof, ceases by the death of the execution defendant who is the owner of the land. The sale of the land of such defendant made after his death, and future conveyances thereof, are void.

2. The death of a party to an execution abates the execution as to such party.

3. The death of an execution defendant, although it abates the execution as to such defendant, does not discharge a lien upon his land which was created by a levy made thereon prior to his death. Such lien may still be enforced in equity as other demands against his estate, having a priority of claim, as provided in *chapter* 37 *of the Revised Statutes*.

GEORGE HUSTON, T. N. & D. W. LINDSEY, For Appellants,
CITED—

2 *Bibb*, 198; *Wagnon vs. McCoy.*

3 *Dana*, 488; *Huey vs. Reddin's heirs.*

2 *Mon.*, 91 ; *Burton vs. Peyton.*

Holeman's ex'r vs. Holeman's heirs, &c.

HARVEY YEAMAN,                              For Appellees,

CITED—

7 *Mon.*, 615 ; *Blight's heirs vs. Tobin.*

2 *J. J. M.*, 31 ; *Woodford vs. Phelps.*

3 *B. Mon.*, 363 ; *Allison vs. Taylor's heirs.*

15 *B. Mon.*, 476 ; *Walker and wife vs. McKnight.*

14 *B. Mon.*, 222 ; *Boyer's adm'r vs. Herndon.*

6 *J. J. M.*, 321 ; *Kennedy vs. Holloway.*

1 *Salkeld*, 401 ; *Duke of Norfolk's case.*

2 *Lord Raymond*, 849 ; *Odes vs. Woodward.*

3 *P. Williams*, 399; *Robinson vs. Tongue, &c.*

*Cro. Eliz.*, 181 ; *Parkes vs. Mosse.*

7 *Term Rep.*, 20 ; *Bragner vs. Langmead.*

2 *Lord Ray.*, 244 ; *Panoyer vs. Bruce.*

1 *Salkeld*, 322 ; *Clark vs. Williers.*

3 *P. Williams*, 399; *note e, Earl of Winclesea's case.*

2 *Keble*, 516 ; *King vs. Milton.*

4 *Burrows*, 1970; *Doe dem., Beyer vs. Roe.*

3 *Bibb*, 344; *Irvine, &c., vs. Pickett.*

4 *Bibb*, 94; *Con vs. Joiner.*

3 *Metcalfe*, 202 ; *Keeth vs. Wilson.*

1 *Duvall*, 6 ; *Colyer vs. Higgins.*

2 *Saund.*, 51, *n.* 4 ; *Ib.*, 72, *k.*

1 *Littell's Laws*, 539–40.

1 *Morehead & Brown*, 636.

*Sec.* 435, *Civil Code.*

17 *B. Mon.*, 241 ; *Morgan, &c., vs. Winn's adm'r.*

1 *Duvall*, 195 ; *Venable vs. Smith's ex'ors.*

5 *Dana*, 275 ; *Addison, &c., vs. Crow, &c.*

2 *Marshall*, 551 ; *Harrison vs. Wilson.*

7 *B. Mon.*, 266 ; *Warner vs. Everett.*

*Littell's Select Cases*, 29 ; *Buckner vs. Terrill.*

2 *Bibb*, 198 ; *Wagnon vs. McCoy.*

*Bac. Ab.*, title *Statutes*, *i*6; *Ib.*, 10 ; 6 *Ib.*, 388.

*Pr. Dec.*, 306 ; *Nichols vs. Wells.*
4 *Littell*, 378 ; *Mason vs. Rogers.*
1 *Bibb*, 216 ; *Hardin vs. Owings.*
10 *John.*, 579 ; *Barry vs. Mandel.*
11 *Mad.*, 149 ; *Arthur vs. Bohenham.*
7 *John.*, 495–6.
*Blackwell on Tax Titles.*
*Co. Litt.*, 360a.
*Act of* 1797, *sec.* 30, 1 *M. & B.*, 662.
*Act of* 1811, *sec.* 2, *M. & B.*, 673.
*Rev. Stat., chap.* 37, *art.* 2, *sec.* 4.
2 *Tidd.*, 920.
3 *Mon.*, 336 ; *Knight vs. Applegate's heirs.*
*Act of January* 19, 1866, *Sess. Acts,* 1865–6, *p.* 10.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

On the first day of January, 1855, the sheriff of Union county levied an execution in favor of John Jenkins, administrator of Tilford Jenkins, deceased, against W. F. Holeman and others, for one hundred and twenty-five dollars, with interest from the 20th day of January, 1854, and costs, on a tract of one hundred and fifty acres of land in Union county, belonging to Holeman. The execution was issued upon a judgment, and was such as Holeman had a right to replevy. Said Holeman died on the 20th day of January, 1855, and after an unsuccessful attempt to make sale of the land the sheriff returned the execution with his levy indorsed.

On the 6th day of July, 1855, a *venditioni exponas* was issued to enforce said levy, under which the sheriff sold the land on the 6th of August, 1855, to Absalom Duncan, for seventy-five dollars.

Hiram McElroy, the executor of W. F. Holeman, deceased, brought his suit in equity on the 19th of Octo-

ber, 1855, against Holeman's heirs and creditors, for a settlement of the estate, making George Huston, a creditor of the estate, a defendant.

The case was referred to a commissioner, who made a report, showing the estate to be largely insolvent, and that Huston was a creditor in the amount of two hundred and thirty dollars and seventeen cents; which report was confirmed. In the meantime the sheriff conveyed the land to the purchaser, Absalom Duncan, who subsequently conveyed it to Nathan T. Duncan, who, and Thomas Ford holding under him, appear to be in possession of the land. The creditor, Huston, by an amended cross-petition, sought to set aside the sheriff's sale to Duncan, and the subsequent conveyances, and to subject the land to the payment of the liabilities of Holeman's estate. The facts of the controversy on this amended cross-petition were embodied in an agreement, and the case was thereupon submitted to the circuit court for decision, which rendered judgment dismissing the amended cross-petition, from which Huston has appealed to this court.

The main, if not the only, question to be considered is, whether the power of the sheriff to enforce his levy by a sale of the land did or not cease by the death of the defendant in the execution—a question which, so far as we are aware, has not been heretofore directly adjudicated by this court.

In the case, however, of *Wagnon vs. McCoy's ex'r* (2 *Bibb*, 198), which differed from this only in the fact that the plaintiff, instead of the defendant, had died subsequent to the levy and before the sale, it was decided that the execution abated by the death of the plaintiff, for the apparent reason that the law gave the defendant the privilege " of replevying the debt or demand, without

making an exception of the case where the death of the
plaintiff shall have happened; and such an inevitable
casualty ought not to be allowed to work a wrong to
the defendant by depriving him of a right which the
law had secured to him."

It is further said in that case, that " it seems to be a
principle of the common law authorities, that whilst
any act remained to be done by the parties necessary
to carry on the suit or perfect the execution of the pro-
cess, the suit or process would abate by the death of
either of the parties."

And in the case of *Huey's heirs vs. Redden's heirs et al.*
(3 *Dana*, 488), in which it appears that, after a *fieri facias*
in favor of Huey and against Redden and Mason had
been levied on the property of the defendants, both
Huey and Redden died, the court held, that " by the
death of Redden the liability survived against Mason,
and therefore Redden's death did not abate the execu-
tion so far as Mason was concerned, nevertheless the
creditor would, in that event alone, have had a right to
revive against Redden's representatives so as to increase
his security." The court further held in that case, that
the death of Huey abated the execution upon the author-
ity of the case of *Wagnon vs. McCoy, supra.*

By *section 2 of article 9 of chapter 36, Revised Statutes,*
the right to replevy a judgment or execution is conferred
on the defendant without any provision for its exercise
by another; and his death, therefore, as effectually de-
prives his estate of the right to replevy the debt as the
death of the plaintiff could have done; and upon that
ground the reason for abating the process is as strong
in the one case as the other. But the law confers other
and important rights on the defendant in an execution,
to be exercised by him alone, in respect to the sale of

his property, as, in the sale of a portion of his land, to designate the part to be sold, or in the sale of personal property, to have a bond taken to himself for an excess of the price of the property sold, or, as provided in *section 4 of article* 14 *of chapter* 36, *Revised Statutes,* he " may., on the day of sale, by writing, direct the property levied on to be sold in any succession he may desire; and he may produce other property, or the title to land in the county not levied on, and, by writing, direct the same to be first sold."

For these and other grave considerations, we are of the opinion that the power of the sheriff to enforce his levy by a sale of the one hundred and fifty acres of land ceased by the death of W. F. Holeman; and, consequently, that the sale and conveyance to Absalom Duncan were void, and should have been so adjudged by the court below.

But we are of opinion that the death of W. F. Holeman did not discharge the lien upon the land created by the levy, and that it still might be enforced in equity as other demands against the estate of Holeman, having a priority of claim, as provided in *chapter* 37 *of the Revised Statutes*.

Wherefore, the judgment of the court below is reversed, and the cause remanded for further proceedings consistent with this opinion.

NOTE BY REPORTER.—The opinion in the case of *Huston vs. Duncan* (1 *Bush*, 205) was rendered upon the same record of this case. That opinion involves mainly the same points, and should be examined in connection with the foregoing.