## HUDGINS, administrator, *v.* McLAIN *et al.*

A sheriff's sale made after the death of the defendant in execution, under an
execution issued in his lifetime, will not be set aside, though at the time of
the sale no legal representative had been appointed upon the estate of the
decedent, and there were minor heirs of the intestate, and debts due by
the estate of higher dignity than the lien of the execution under which the
sale was had.

Submitted June 23, — Decided August 9, 1902.

Equitable petition.	Before Judge Gober.	Pickens superior court.
September 26, 1901.

*S. A. Darnell* and *Isaac Grant*, for plaintiff.
*John W. Henley*, for defendants.

COBB, J. Hudgins, as administrator of the estate of R. W.
Dearby, brought an equitable petition against McLain and Tate and
Wheeler, sheriff, alleging substantially the following facts: The
plaintiff's intestate died on or about January 3, 1901. Prior to

his death the defendants McLain and Tate had recovered a judgment against him in a justice's court for a sum due them. Execution was issued on this judgment, and was levied by a constable upon a described tract of land on December 12, 1900. The execution with the levy thereon was afterwards returned to Wheeler, the sheriff, in order that he might advertise and sell the land. The sheriff "adopted" the levy of the constable, and dated it January 3, 1901. The land was then advertised for sale, and on the 5th day of February, 1901, was exposed to sale and was bid in by the defendants McLain and Tate at and for the amount of the debt due them, and the sheriff executed a deed to them conveying the the land sold. At the time the sale took place no legal representative had been appointed upon the estate of the defendant in execution, and the defendants well knew this fact. It is alleged that for this reason the sale was of no effect, and that the deed made in pursuance thereof was void. The prayers of the petition were, that the levy be dismissed, that the sale be declared void, and that the deed made by the sheriff be set aside and canceled. By amendment to the petition it was alleged, that the plaintiff's intestate left surviving him a widow and minor children, who were not represented at the time of the sale by guardian or otherwise; that there were also numerous creditors of the estate besides the defendants; that no year's support had been set apart to the widow and minor children; that the estate owed other debts of higher dignity than the defendants' judgment; and that under the circumstances alleged the sale was a fraud on the widow and children and the other creditors of the estate. The defendants filed a demurrer to the petition, on the ground that no cause of action was set forth therein, and that under the allegations of the petition the plaintiff was not entitled to the relief prayed for or to relief of any character. The court sustained the demurrer, and the plaintiff excepted.

There being no allegation of any fraudulent or collusive conduct on the part of the defendants, the sole question presented for decision is whether property which formerly belonged to an intestate can be sold, before any legal representative has been appointed on his estate, under an execution issued in his lifetime. The case of *Brooks* v. *Rooney*, 11 *Ga.* 424, is directly in point and controlling on the question. It was there ruled: "Where a judgment has been obtained, and an execution has issued in the lifetime of the de-

-fendant, his subsequent death will not arrest the collection of the debt by levy and sale of the intestate's property, notwithstanding his heirs at law are minors and no administration has been granted upon the estate." In the opinion in that case it appears that counsel conceded that at common law the execution could proceed notwithstanding the death of the defendant in execution, but contended that the statutes of this State repealed the common law by implication. It was argued that inasmuch as, under the law of this State, the defendant had a right to arrest the progress of the execution for any irregularity, to point out what property should be seized, to have notice of the levy, to sue for and recover the difference between the price bid at the first and second sales in case the purchaser at the first sale failed to comply with his bid, to appear in court and personally superintend the proper appropriation of the money arising from the sale, either the defendant himself must be in life or be legally represented if dead before the process could be enforced. It was held that the common-law rule was still of force in this State, and that these statutory provisions did not operate to repeal it by implication. It was, however, suggested that a court of equity would, on a proper case made, protect the rights of minor heirs or adults or priority creditors, or any others who were likely to be injured by the enforcement of the execution for want of an administration. Since the date of that decision a statute has been passed providing that, " On the death of a defendant after final judgment, when no execution has been issued previous to such death, execution may issue as though such death had not taken place." Civil Code, § 5034. This provision of law goes one step farther than the common law. Under the common law an execution issued in the lifetime of the defendant in execution would not abate by his death; whereas under the provision quoted execution may issue after his death on a judgment rendered before. See also *Hatcher* v. *Lord*, 115 *Ga.* 619.

It is argued, however, that the petition in the present case shows that there are debts due by the estate, of higher dignity than the defendants' judgment, and that the widow and her minor children have a claim for a year's support which has not been satisfied. The petition does not allege that the property in controversy was the only property belonging to the estate. For aught that appears from the petition, there are sufficient assets belonging to the estate to sat-

isfy all the claims against it of higher dignity than the defendants' judgment debt.    The petition distinctly alleges that the year's support for the widow and minor children has not been set apart.    If they should hereafter assert and have allowed their claim for a year's support, and if the purchasers at the sale bought subject to their claim, it would, of course, be a lien upon the land superior to the defendants' title.    But, under the allegations of the petition, it is no concern of the administrator that the widow and children may have a claim for a year's support.    It will be ample time to test the question as to whether their claim for a year's support is superior to the defendants' title after their claim has been asserted and allowed.    It is never well to anticipate trouble, and this rule applies with peculiar force to litigation.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*