HOLT, administrator, *v.* LAURENS *et al.*

No. 13873. NOVEMBER 12, 1941.

*R. F. Duncan,* for plaintiff.   *Fraser & Irwin,* for defendants.

REID, Chief Justice.   Under the Code, § 113-1508, providing for priority of debts against the estate of a decedent, claims for funeral expenses, and the necessary expenses of administration stand ahead of claims for taxes.   However, the question here is not simply whether a claim for funeral expenses ranks ahead of a claim for taxes in the administration of an estate, but substantially whether, this being true, it follows that when, prior to the appointment of an administration, the property of a deceased person is levied on and sold to satisfy a valid execution for taxes, issued before the death of the deceased, the subsequently appointed administrator can recover the property from a grantee of the purchaser at such sale, for the purpose of paying a claim for funeral expenses.

It is held in some States that upon the death of a judgment debtor, an execution, though issued in the debtor's lifetime, can not be levied on his property, but must be passed on and settled in the due course of administration.   See Davis *v.* Oswalt, 18 Ark. 414 (68 Am. D. 182) ; Jewett *v.* Smith, 12 Mass. 309.   In some instances it has been held that the debtor's death suspends further proceedings under an execution, even though a levy had been made prior thereto.   As pointed out in the note in 61 L. R. A. 362, these decisions are based on various grounds, some holding that a revivor is necessary before proceeding further, and others that probate jurisdiction attaches upon the debtor's death and prevents the enforcement of a judgment except under the administration system prescribed by statute.   Chandler *v.* Burdett, 20 Tex. 42; Holeman *v.* Holeman, 2 Bush (Ky.), 514.

In *Ingram* v. *Hurt,* 10 *Ga.* 568, this court held that a judgment creditor of a deceased person is not required to wait twelve months from the date of the grant of letters of administration before proceeding to collect the judgment by levy and sale; and in *Brooks* v. *Rooney,* 11 *Ga.* 423 (56 Am. D. 430), it was expressly held: "Where a judgment has been obtained, and an execution has issued in the lifetime of the defendant, his subsequent death will not arrest the collection of the debt by levy and sale of the intestate's property, notwithstanding his heirs at law are minors and no administration has been granted upon the estate."

Counsel for the plaintiff relies strongly on the following statement made in the *Ingram* case: "In answer to the argument, that to allow the collection of such judgments, before the expiration of twelve months, would greatly frustrate the administrator in paying the debts of the intestate, according to their legal priority, we have only to say, that the court of equity is always open for the assistance and protection of the administrator, as well as the rights and interests of those whom he represents, and also for the relief of priority creditors, in case there should be no administration." Also an excerpt from *Brooks* v. *Rooney,* supra, where the court, referring to the above-quoted statement in the *Ingram* case, said: "It only remains to repeat here the intimation thrown out there, that is, that the court of equity is always open for the assistance and protection of minor heirs or adults, priority creditors, or any others who are likely to be injured by the enforcement of the execution, for the want of an administration." We do not, however, take these suggestions that a court of equity is open to protect the rights of priority creditors as indicating that a suit of the present character by the administrator for recovery of the property can be successfully maintained. On the contrary, it is our view that the rulings in those cases, that a judgment obtained against a debtor since deceased can be levied upon his property and a valid sale made prior to administration, demand the conclusion that the sale divests what title the deceased had, and accordingly that the administrator can not recover it from the purchaser as belonging to the estate for the purpose of administration. "A sale regularly made by virtue of judicial process issuing from a court of competent jurisdiction shall convey the title as effectually as if the sale were made by the person against whom the process shall have issued." Code, § 39-1303.

A creditor holding a claim prior to that of a judgment levied on the lands of an intestate might seek letters of administration (Code, § 113-1202(5)), and, as such, claim the fund in the hands of the sheriff, arising from the sale, for proper administration, and, if need be, might appeal to a court of equity to protect his rights of priority to this fund. This is, no doubt, what was meant by the court in the *Ingram* and *Brooks* cases. We do not believe, however, that a recovery of the property can be had of the purchaser. The purchaser may assume that those having claims against the fund will act and protect themselves. He is "not . . . bound to look to the appropriation of the proceeds of the sale." Code, § 39-1311.

In *Hudgins* v. *McLain*, 116 *Ga.* 273 (42 S. E. 489), an administrator brought a suit similar to that now presented. The court planted its decision, that no cause of action was alleged, on the ground that there was no allegation that there was no other property out of which prior creditors might be satisfied. We regard this ruling as sound, since priority as to time of payment is not the ultimate end desired under the statute. The court did not rule that if there were no other property out of which the prior creditors could be satisfied, the administrator could recover. Although the court might have gone further and ruled, as we do now, that the purchaser took good title, the ruling as made was sufficient to dispose of the case under the particular facts there appearing. Of course, if any implication was intended that the administrator could recover if there were no other property, it is not binding as authority. Under the views expressed the court did not err in dismissing the action on demurrer.

*Judgment affirmed. All the Jutices concur.*