TUCKER *v.* AMERICAN SURETY CO. OF NEW YORK *et al.*

No. 16938.   FEBRUARY 16, 1950.

534

536

*Randall Evans Jr.*, for plaintiff in error.

*Jones, Jones & Sparks, Wilson, Bennett, Pedrick & Bennett, Langdale, Smith & Tillman,* and *J. Mack Barnes,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) This case arose on a petition for a declaratory judgment under Code (Ann. Supp.) § 110-1101 et seq. Mrs. Tucker demurred on the ground, among others, that the allegations contained in the petition did not state facts showing an actual controversy between the parties. A controlling question is whether the remedy of a declaratory judgment, or any other equitable remedy, is available to a surety on the bond of a deceased guardian to obtain an accounting of its liability, if any, as such surety to the ward or to the successor guardian of the ward.

Counsel for the petitioner insist that, under the ruling in *Brown* v. *Lawrence,* 204 *Ga.* 788 (51 S. E. 2d, 651), there is a

justiciable controversy because there are interested parties asserting adverse claims upon an accrued state of facts. It was alleged in the petition that the deceased guardian fully and faithfully discharged the duties of his trust, and that the successor guardian had not instituted any action against the petitioner on the bond, or sought to obtain a settlement of the accounts of the deceased guardian. It thus appears that no controversy was shown between the petitioner and the successor guardian. The allegations that the ward, at a time when she was legally insane, and not competent to maintain the same, instituted two separate suits against the petitioner and others—alleging numerous devastavits on the part of the deceased guardian, and seeking to recover a judgment against the petitioner as surety on his bond—are insufficient to show a justiciable controversy, because it appears from the petition that each suit was terminated by dismissal, one voluntarily by the ward, and the other upon demurrer on the ground that the ward, being represented by the successor guardian, could not maintain the suit against the petitioner in her own name. See *Tucker* v. *American Surety Co. of New York,* 78 *Ga. App.* 327 (50 S. E. 2d, 859). Other allegations, that the ward had asserted a claim against the successor guardian, based on his alleged failure to proceed against the petitioner as surety on the bond of the deceased guardian, are insufficient to set forth a justiciable controversy, for the reason that any claim asserted by the ward prior to the time it was adjudicated that her sanity had been legally restored should be disregarded.

A different ruling is not required, as contended, by the Code (Ann. Supp.) § 110-1107 (Ga. L. 1945, pp. 137, 138) which declares: "Without limiting the generality of any of the foregoing provisions any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, . . in the administration of a trust or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto and a declaratory judgment . . (c) to determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." Considered in its entirety, the manifest purpose of the above Code section was to enable a guardian, administrator, or other fiduciary to go into court

and seek guidance during the administration of an estate or trust; and the statute does not apply where, as here, the trust has already been terminated by the death of the guardian.

Finally it is insisted that the petitioner is threatened with a multiplicity of suits, against which it has no adequate remedy except in equity, where all parties involved can be brought before the court and complete relief can be administered as the equities of the parties may require. In this connection, counsel for the petitioner state in their brief that unfortunately there is no statute which specifically provides a remedy in behalf of the surety on the bond of a deceased guardian, and insist for that reason equity should take jurisdiction. The petition seeks to avoid a multiplicity of suits by alleging in substance that, if Mrs. Tucker should sue Lea, and if she should recover, and Lea in turn should sue the petitioner, then, based on these suppositions, there would be a multiplicity of suits. There is no pending proceeding by Mrs. Tucker against Lea, and the allegations in the instant petition are too remote to show a right to equitable relief by reason of a threatened multiplicity of suits.

Accordingly, the petition failed to state a cause of action for a declaratory judgment, or for any other equitable relief, and the court erred in overruling the general demurrer to the petition. In view of the above rulings, it becomes unnecessary to pass upon other assignments of error.

*Judgment reversed. All the Justices concur.*