34200.   MARYLAND CASUALTY COMPANY *v.* CITY OF ADEL *et al.*

Decided October 24, 1952—Rehearing denied November 3, 1952.

140

*Hatcher, Smith & Stubbs,* for plaintiff in error.

*Edward Parrish, Swift, Pease, Davidson & Chapman, Franklin, Eberhardt & Barham,* contra.

SUTTON, C.J. The controlling issue before this court is whether or not the Superior Court of Muscogee County had jurisdiction of the City of Adel to determine the issues raised by the pleadings of the plaintiff. The City of Adel contends that it did not, but that only the Superior Court of Cook County, in which county said city is located, has jurisdiction to hear and determine the issues of the case. There is no special statute with respect to the jurisdiction of cases in which declaratory judgments are sought, but such proceedings shall be filed and served as in other cases in the superior courts. Code (Ann. Supp.), § 110-1104. See Code (Ann.), §§ 2-4903 and 2-4906. "Suits against joint obligors, joint promissors, copartners, or joint trespassers, residing in different counties, may be tried in either county." § 2-4904.

While "suits against joint obligors, joint promissors, copartners, or joint trespassers" may be filed and tried in the county of the residence of any joint defendant, we do not think that, under the allegations of the petition in this case, Hewitt Contracting Company and the City of Adel are shown to be within any of these classes. The contract alleged to have been breached in the present case was one between the City of Adel and Hewitt Contracting Company. There could be no independent liability on the part of the plaintiff to the city under this contract, for the plaintiff was not a party to it. Any liability of the plaintiff to the city under this contract could arise only by reason of its standing surety for Hewitt Contracting Company on the performance bond filed by the contracting company with the city. Whether or not there is a breach of this contract on the part of Hewitt Contracting Company, is a controversy between it and the City of Adel in the first instance. If there is no liability on the part of Hewitt Contracting Company to

the City of Adel under the terms of its contract with the city, there is no liability on the part of the plaintiff to the city under its performance bond wherein it stood as surety for Hewitt Contracting Company. We do not think that the fact that the plaintiff, as surety, guaranteed performance of the contract by Hewitt Contracting Company, as principal, would give the superior court of the county of the residence of Hewitt Contracting Company jurisdiction on petition of the surety to hear and determine the controversy between Hewitt Contracting Company and the City of Adel as to whether or not there had been a breach of the contract on the part of the contracting company in the performance of the work to be performed by the company for the city. That the plaintiff and Hewitt Contracting Company had entered into a separate contract by the application for the performance bond would not give the plaintiff any right to compel the City of Adel to join in a suit with reference to this separate contract, since the City of Adel was not a party to the application and had no interest therein.

Under the pleadings in this case, the controversy, if any exists, is between Hewitt Contracting Company and the City of Adel, respecting the performance of the contract between them. While the plaintiff has guaranteed the performance of this contract, its interests in the controversy are not adverse to those of Hewitt Contracting Company, but are identical with them, for there can be no liability under the terms of the performance bond on the part of the surety unless there is first liability on the part of the principal to the city. Naming the Hewitt Contracting Company as a defendant does not aid the plaintiff in its action, for there is no substantial relief sought against this defendant in which the City of Adel has any material interest. The allegations of the petition fail to show any justiciable controversy between the plaintiff and Hewitt Contracting Company in which the City of Adel has any substantial interest, and the trial court did not err in holding that the Superior Court of Muscogee County, said county being the residence of Hewitt Contracting Company, was without jurisdiction of the City of Adel, located in Cook County, Georgia, and in dismissing the petition as to the City of Adel. In this connection, see *Tucker*

142

v. *American Surety Co. of N. Y.,* 206 *Ga.* 533 (57 S. E. 2d, 662) ; *Sims* v. *Clark,* 91 *Ga.* 302 (18 S. E. 158).

The cases cited and relied upon by the plaintiff in error are distinguishable on their facts from the present case and do not authorize a different ruling from the one herein made. The contention of the plaintiff in error that the Supreme Court, in *Calvary Independent Baptist Church* v. *City of Rome,* 208 *Ga.* 312 (66 S. E. 2d, 726), overruled *Tucker* v. *American Surety Co.,* supra, cannot be sustained.

*Judgment affirmed. Felton and Worrill, JJ., concur.*