19234. JOHNSON *et al. v.* WILSON, Executrix, *et al.*

ARGUED JANUARY 11, 1956—DECIDED FEBRUARY 14, 1956—
REHEARING DENIED FEBRUARY 29, 1956.

266

*F. L. Breen, James L. Mayson,* for plaintiff in error.
*Augustine Sams, Sams, Wotton & Sams,* contra.

MOBLEY, Justice. ■ The trial court sustained demurrer number 3 to the petition as amended, which demurrer contended that there was a misjoinder of causes of action and parties, and that the petition was multifarious, in that it deals with separate and distinct wills and estates with different executors.

In addition to praying for an accounting, distribution, and final settlement of the two estates, the petition asked for a partition of certain real estate owned as tenants in common by the two estates. While it is contended by the defendants in error that the parties here are not tenants in common, since certain fractions of the one-half undivided interest of the Liddell estate in the described realty are held as a life estate, the devisees of the Johnson estate, as owners of the fee in a one-half undivided interest in said realty, are not prohibited from having a partition of the property merely because some of the devisees under the will of Mrs. Jessie M. Liddell owned only a life estate. As stated in *Burt* v. *Gooch,* 37 *Ga. App.* 301, 304 (139 S. E. 912), "One who holds title to an undivided interest in land may not, in a suit to partition the land, be defeated merely because the party against whom the partition is sought may own a life estate in other undivided interests." See Code § 85-1504; *Teasley* v. *Hulme,* 150 *Ga.* 495 (104 S. E. 151, 12 A. L. R. 641); *Rutland* v. *Ridgdill,* 153 *Ga.* 212 (1) (112

S. E. 278) ; *Armstrong* v. *Merts*, 76 *Ga. App.* 465, 469 (46 S. E. 2d 529).

It was contended that the property could not be partitioned without doing violence to item 7 of the Liddell will, which provided that this property was to be held together during the life of Foster Liddell, and that to sell the property for division or partition would conflict therewith. One tenant in common may not dispose of her interest in such a way as will restrict or interfere with the right of the other tenant in common to a partition of the property. Therefore, the attempt of Mrs. Jessie M. Liddell—if she attempted to do so—to require that the property be held together would be ineffective to prevent a partition.

The petition as amended, seeking partition and equitable relief, presents facts and circumstances making a partition in equity more suitable and just in this case, thus giving equity jurisdiction. Code § 85-1501. The demurrer on the grounds of misjoinder and multifariousness is without merit, as the parties who are numerous, including minors, trustees, and beneficiaries of trust, are all necessary parties to the proceeding, and equity, having all parties before the court, will seek to do complete justice and give full relief to all parties in reference to the subject matter of the suit. Code § 37-105.

■ The defendants' demurrers numbers 1, 2, 4, and 5 complain that the petition does not set forth a cause of action either in law or equity, that there is a full, adequate, and complete remedy at law, and that the Court of Ordinary of Fulton County has taken jurisdiction in the premises and has exclusive jurisdiction thereof.

"The principle that where law and equity have concurrent jurisdiction, the court first taking it will retain it, has this important qualification, namely, unless good reason be given for the interference of equity." *Young* v. *Brown*, 75 *Ga.* 1. The following statement is applicable to the facts here: "It does not appear from the allegations of the petition in this case that the court of ordinary had assumed jurisdiction of any proceeding for the settlement of accounts of the executor, or for the adjudication of any of the relief for which the equitable petition prayed. The mere fact that there was a will, and that the defendant was named as executor under such will and had qualified as executor, is not sufficient to show that there was any proceeding in the court of

ordinary against him for a settlement of accounts. If it were otherwise, there could be no case where an executor had qualified or an administrator had been appointed in which a court of equity could take jurisdiction." *Clements* v. *Fletcher,* 154 *Ga.* 386 (1) (114 S. E. 637). And also applicable is: "A court of equity has concurrent jurisdiction over the settlement of accounts of administrators; and a proceeding in equity for such settlement is not an interference with the regular administration of the estate, within the meaning of . . . [Code § 37-403]. The petition in this case, which sought to compel the administratrix of the deceased daughter of petitioner to account and settle with him for his share in the estate of his intestate daughter, set out a good cause of action. Instead of interfering with the regular administration of the estate, the petition sought to enforce due and regular administration thereof in a manner provided by law." *Terry* v. *Chandler,* 172 *Ga.* 715 (3) (158 S. E. 572).

Where, as here, the petition sets forth a cause of action for equitable partition of realty owned jointly by two estates, alleges that the funds of the two estates have been intermingled and interwoven by the executrix, who is insolvent and not under bond and is wasting the estates, and that there should be an accounting, settlement, and distribution of the two estates, and where the court of ordinary cannot try the issues involved in both estates together (*Matson* v. *Crowe,* 193 *Ga.* 578 (5), 19 S. E. 2d 288), and all necessary parties are before the court—a court of equity has jurisdiction, as a proceeding in equity under those circumstances will prevent a multiplicity of suits at law, which would be difficult, expensive, and unsatisfactory (Code § 37-301), and equity can do complete justice in the premises. Accordingly, the trial court erred in sustaining grounds 1, 2, 3, and 5 of the defendants' demurrer.

■ The defendants in demurrer number 6 contend that the part of the petition alleging the need for a receiver and the prayer for a receivership should be stricken. This ground of demurrer is without merit, in view of the rulings heretofore made that a court of equity has jurisdiction in this case. The court having jurisdiction could in its discretion appoint a receiver or could mould such other decree as would do justice and equity between the parties. Code §§ 37-105, 37-1203. It follows that the trial court

erred in sustaining the defendants' demurrer and in dismissing the action.

*Judgment reversed. All the Justices concur.*