19912. LIDDELL *et al. v.* JOHNSON *et al.*

ARGUED NOVEMBER 13, 1957—DECIDED JANUARY 10, 1958.

*Augustine Sams,* for plaintiffs in error.
*F. L. Breen, Jos. L. Mayson,* contra.

MOBLEY, Justice. When this case was here before, this court held that the petition stated a cause of action for equitable partition of certain described real estate owned by the heirs of the Liddell estate and the heirs of the Johnson estate, as tenants in common, for an accounting by Mrs. Anna Ruth Wilson, executrix of the Johnson estate and agent in charge of the Liddell estate, settlement and distribution of the proceeds of the property described in the petition, and for appointment of a receiver. *Johnson v. Wilson,* 212 *Ga.* 264 (91 S. E. 2d 758). Thereafter, the trial court issued a rule nisi to show cause why the prayers

of the petition should not be granted, and, after hearing evidence, entered a judgment and decree to which the defendants (plaintiffs in error here) except.

■ To the following portion of the judgment and decree: "Plaintiffs are entitled to have an equitable partition of the lands and improvements described in the exhibits to their petition above referred to, and to have said lands and improvements sold, and the proceeds of such sale distributed among the persons entitled thereto as their respective interests shall hereafter appear. The court appoints Judge John L. Tye, Jr., and Messrs. B. D. Gray, Jr., and Paul Maddox as receivers and commissioners for the purpose of taking possession of said lands and improvements, and holding, renting and managing the same under the orders of this court, and selling the same pursuant to the orders of this court and thereafter holding the proceeds of such sale subject to the further order of this court, and taking such further proceedings as shall herein be ordered," the plaintiffs in error except on the ground that it was error to grant a receivership and to appoint receivers to take charge of the property because the evidence failed to show that Mrs. Anna Ruth Wilson was insolvent and on the further ground that a partitioning of the property having been ordered and commissioners appointed, as provided in Code § 85-1511, a complete remedy was afforded, and there was no necessity for naming receivers.

The evidence established without question the solvency of Mrs. Anna Ruth Wilson, who is executrix of the Johnson estate and agent in charge of the property in question on behalf of the Liddell estate, and against whom were made the charges of waste, intermingling of the property of the two estates, and failure to account to and settle with the heirs of the Johnson estate. Mrs. Wilson was shown to be the owner of one-sixth of one-half of the Johnson estate, which estate was valued at $242,800, and the owner of a two-thirds interest in property at 1600 Boulevard Ave., Atlanta, valued at $30,000, as well as other property. There was no evidence to support the allegation of insolvency or to indicate that she would not be able to respond to any judgment which might be rendered on the charges brought against her. "The power of appointing receivers should be prudently and cautiously exercised, and except in clear and urgent

cases should not be resorted to." Code § 55-303. "The appointment of a receiver determines no right as between the parties, . . . The purpose of a receivership is to preserve the property contested for pendente lite until the final disposal of all questions, legal or equitable, involved in the action. *Bigbee* v. *Summerour*, 101 *Ga.* 201 (28 S. E. 642). As was said by Lamar, J., in *Huggins* v. *Huggins*, 117 *Ga.* 160 (43 S. E. 759), no matter how strong the apparent equity of the complainant may be, if there is no necessity for a receivership, the courts will not change the status until final decree." *West* v. *Mercer*, 130 *Ga.* 357, 360 (60 S. E. 859).

Code § 55-302 provides: "Equity may appoint receivers to take possession of and protect trust or joint property and funds, whenever the danger of destruction and loss shall require such interference." "A court of equity has jurisdiction to appoint a receiver at the instance of one tenant in common against his cotenants, who are in possession of undivided valuable property, receiving the whole of the rents and profits, and excluding their companion from the receipt of any portion thereof, when such cotenants are *insolvent.*" *Williams* v. *Jenkins*, 11 *Ga.* 595 (2). But "a dispute among cotenants as to their respective interests or other matter [will not] constitute ground for a receivership for the common property, unless there is the element of probable loss or injury to the complaining parties." *Astin* v. *Carden*, 194 *Ga.* 758 (4) (22 S. E. 2d 481). Since it does not appear that Mrs. Anna Ruth Wilson, who alone is charged with mismanagement, etc., is insolvent and would not be able to respond to a judgment against her, it does not appear that a receiver is needed to protect against loss or destruction of the estate. Does the evidence authorize the appointment of a receiver for any other reason? We have heretofore held that equity has jurisdiction of this case for the purpose of partitioning the property. *Johnson* v. *Wilson*, 212 *Ga.* 264, supra. "Where a tenant in common applies to the superior court to have certain land so held partitioned and to have an accounting between the tenants in common under § 5358 of the Civil Code of 1910 [Code, 1933, § 85-1504], such a proceeding is in the nature of a proceeding in equity in which the court has all the power and jurisdiction for hearing and determining the various matters in dispute between

the parties, including their respective titles to the land; to have an accounting for rents and profits, awarding partition, etc." *Griffin* v. *Griffin*, 153 *Ga.* 547 (1) (113 S. E. 161).

Where equity has taken jurisdiction for partitioning real estate, as on the instant petition for partitioning and other equitable relief, if one of the tenants in common has excluded the others from their share of the profits (as Mrs. Wilson, executrix of the Johnson estate and agent for the Liddell heirs of the jointly owned property is here charged with doing), equity will adjust their accounts as to such rents and profits. *Wallis* v. *Watson*, 184 *Ga.* 38, 40 (190 S. E. 360). In case of partition by sale, "it is proper for the decree to direct that the funds be held in court pending the trial of the suit for accounting." *Lankford* v. *Milhollin*, 200 *Ga.* 512 (1) (37 S. E. 2d 197), and cases cited. It is clear that in the equitable partitioning proceeding the court has adequate authority to have the property of the tenants in common partitioned, to require Mrs. Anna Ruth Wilson, or any of the tenants in common, to account for rents and profits received by any of them from the jointly owned property, and can adjust the accounts. A receiver would only take possession of the property and collect the rents therefrom, which is not necessary to protect the estates and the parties at interest, in view of the solvency of Mrs. Wilson. All questions of accounting, division of property, others involved in the partitioning proceeding, and rights of the parties would still have to be determined. *Bigbee* v. *Summerour*, 101 *Ga.* 201, supra. As far as settlement of the Johnson estate is concerned, no need for a receiver is shown, as the executrix, under orders of the court, can settle the estate. While the petition stated a cause of action for the appointment of a receiver, as held previously (*Johnson* v. *Wilson*, 212 *Ga.* 264, supra), the evidence failed to establish the insolvency of Mrs. Wilson or the need for a receiver, and the trial court therefore erred in appointing receivers.

■ There is no merit in the contention of the plaintiffs in error that the court erred in overruling their motion to dismiss the petition as to the estate of Jessie M. Liddell and the heirs, legatees and devisees of said estate, as they are necessary parties to the proceedings seeking equitable partition, accounting as to the jointly owned property, and for rent and other income therefrom.

■ ` The trial court did not err, as contended by the plaintiffs in error, in reserving jurisdiction to order an accounting in reference to and in respect of the properties and estate generally of Mrs. Jessie M. Liddell, who died on June 6, 1946, if during the progress of the case such accounting should appear necessary or appropriate, as the court would be authorized to order executors and heirs of the Liddell estate, tenants in common, to account for any of the jointly owned property or rents, profits or other income therefrom.

■ After careful consideration of the exceptions remaining, we are of the opinion that they are without merit.

*Judgment reversed in part and affirmed in part. All the Justices concur.*