20394.   LIDDELL *et al. v.* JOHNSON *et al.*

MOBLEY, Justice.   1.   The motion to dismiss the bill of exceptions is without merit, since the appeal is from a judgment of the trial court refusing a temporary injunction and since, under Code § 55-202, either party may have a writ of error to the Supreme Court from such decision. Since the bill of exceptions is permissible, "all judgments, rulings, or orders rendered in the case which are assigned as error, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, and without regard to whether the judgment, ruling or order excepted to

was final, or was subject to review by some other express provision of law contained in this section, or elsewhere." Code (Ann.) § 6-701.

2. The trial court properly overruled the general demurrer to the petition, alleging that it was necessary that a surveyor be employed to aid the commissioners in partitioning the real property, that one of the heirs was willing to advance into court the money to pay the surveyor, and asking that provision be made for repayment. This case has twice before been before this court (*Johnson* v. *Wilson,* 212 *Ga.* 264, 91 S. E. 2d 758; *Liddell* v. *Johnson,* 213 *Ga.* 752, 101 S. E. 2d 755), which held that the parties as tenants in common of the real property in question were entitled to a partition of the property, accounting for rents, etc. This petition was filed in the equitable partition proceedings. Under Code § 85-1508, the partitioners have power to select a surveyor to aid them in the discharge of their duties. Employment contemplates payment, and the court in the exercise of its powers in these equitable proceedings would be authorized to provide for such.

3. There is no merit in the exception to the judgment of the trial court denying an injunction, restraining the plaintiffs from borrowing money and pledging property of the Liddell estate as security therefor or creating a lien against the property of the estate. There is nothing in the record to indicate that the plaintiffs were seeking to borrow money and to pledge the property of the defendants' estate as security therefor, or that they threatened to do so or were interested in doing so, other than as set out in their petition, which was before the court and to which the defendants filed demurrers. The ruling on the demurrers was excepted to by the defendants, and this fully protected them. The effect of the prayers for injunction set out in their answer was to ask the court to enjoin itself from permitting the employment of a surveyor and payment for his services.

4. There was no error in the court's declining to approve the proposed distribution, by Mrs. Anna Ruth Wilson, one of the tenants in common and executrix of the Liddell estate, of the funds in her hands to heirs of the Johnson and Liddell estates, where sufficient information was not furnished the court to enable it to determine the correctness of the distribution. The court pointed out that this in no way prevented her from pay-

ing to any person entitled thereto any sum of money which she had in her hands.

5. After a careful examination of the pleadings in this record, we are of the opinion that the order of the trial court of August 16, 1955, finding certain of the defendants in default, was amply supported by the pleadings in the case. On April 25, 1955, a demurrer was filed by "the defendants, Mary Liddell and D. W. Liddell individually and as executor of the estate of Jessie M. Liddell"; and on the same date a separate demurrer was filed by "the defendants, Mrs. Anna Ruth Wilson individually and as executrix of the will of Mrs. Ruth E. Johnson, and Drew Liddell Johnson and Dan Harris Johnson," and a special plea was filed by Mrs. Anna Ruth Wilson on June 14, 1955. On June 14, 1955, an answer was filed stating: "Come now the defendants and without waiving but expressly insisting upon their demurrers and legal objections heretofore filed, and without waiving but expressly insisting upon their special plea of misjoinder of causes of action and without waiving but expressly insisting upon their special plea of nonjoinder of necessary parties heretofore filed, file their plea and answer to the plaintiffs' suit . . ." The demurrers were signed by "Sams, Wotton and Sams, Attorneys for named Defendants. By Gus Sams." The special plea and answer were signed by the same attorneys as "Attorneys for Defendants." Since the answer recited that the defendants, without waiving their demurrers and special plea, filed this their plea and answer, the court was fully authorized to determine that the answer was filed only in behalf of those defendants whose names were recited in the demurrers and special plea, and that no pleadings were filed in behalf of the other defendants named in the petition, and that they were in default. There was no error in the trial court's denying the motion to set aside the order of August 16, 1955, adjudging the case in default as to named parties. See Code (Ann.) §§ 110-401 and 110-404.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 10, 1959—DECIDED APRIL 9, 1959—

REHEARING DENIED MAY 8, 1959.

*Augustine Sams*, for plaintiffs in error.

*James L. Mayson, F. L. Breen*, contra.