22720. GEORGIA MONEY CORPORATION v. RISSMAN, Executrix, et al.

ARGUED NOVEMBER 9, 1964—DECIDED DECEMBER 3, 1964.

*William G. McRae*, for plaintiff in error.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Wm. G. Vance, Bloch, Hall, Groover & Hawkins, Charles J. Bloch, Schwall & Hewett, David A. Hewett, Fortson, Bentley & Griffin, Edward M. Cohen, pro se, John B. Jones, Jr., Assistant U. S. Attorney General, Lee A. Jackson, Joseph Kovner, Joel P. Kay, Floyd M. Buford, Gary B. Blasingame, U. S. Attorneys,* contra.

DUCKWORTH, Chief Justice. Whether or not the exact and proper legal machinery of filing cases, and the demurrers, pleas and answers thereto, has been in accord with proper procedure, nevertheless, no pleas in abatement were filed, hence the order of consolidation has accomplished that which was not done by the litigants, and the only remaining question for decision is whether or not the lower court erred in overruling the general demurrers to the amended petition of the executrix for guidance, determination of indebtedness and a declaration of priorities of the claimants in this case. The executrix might well have answered the first suit by everything she has pled in her separate suit (*Code* §§ 37-905, 81-106) and make all the defendants therein named necessary parties to it. *Code* § 37-1005. Hence there could be no error in allowing the consolidation if the matters pled in the answer and the petition can withstand a general demurrer. Thus, we move to the sole question for decision—has she alleged a cause of action for affirmative relief?

An executor is entitled to the direction of the courts in this State and to the aid of equity in the settlement of his accounts in the performance of his duties and the fulfillment of his oath if a proper case for same is alleged. *Code* §§ 37-403, 37-404, 113-2203; *Code Ann.* § 110-1107 (Ga. L. 1945, pp. 137, 138); *Tucker v. American Surety Co.*, 206 Ga. 533, 537 (57 SE2d 662); *Venable v. Dallas*, 212 Ga. 595 (94 SE2d 416); *Rowan v. Herring*, 214 Ga. 370, 373 (105 SE2d 29). As between the various defendants named, including the United States which

claims funds of the legatee are due for income taxes past due and delinquent, certainly the executrix is entitled to the aid of the court to establish their priority, for to award any one of them priority might submit her to peril. See *Newsome v. Cogburn*, 30 Ga. 291; *Mobley v. Personius*, 172 Ga. 261 (157 SE 294); *Reynolds v. Ingraham*, 179 Ga. 398 (175 SE 918); *Cohen v. Reisman*, 203 Ga. 684 (48 SE2d 113); *Johnson v. Wilson*, 212 Ga. 264 (91 SE2d 758); *Brewton v. McLeod*, 216 Ga. 686, 691 (119 SE2d 105).

The executrix would have a right to bring all of these parties into court to make claims to the estate for taxes and for a determination of their priority either in answer to a suit by one of them asking for preferential treatment and showing his rights thereto or as original pleadings for declaratory relief or otherwise. Hence, the lower court did not err in any of the rulings made. See *Terry v. Chandler*, 172 Ga. 715 (1) (158 SE 572); *Stroup v. Imes*, 185 Ga. 422 (195 SE 411); *Robinson v. Ga. Savings Bank &c. Co.*, 185 Ga. 688 (196 SE 395); and Code, Title 26, § 2204, U.S.C.A. (IRC 1954).

*Judgment affirmed. All the Justices concur.*