*Stanley H. Nylen,* for appellee.

24126.  PROFESSIONAL DISCOUNT CORPORATION v. FULTON NATIONAL BANK OF ATLANTA.

ARGUED JUNE 13, 1967—DECIDED JUNE 22, 1967.

*Candler, Cox, McClain & Andrews, E. Lewis Hansen,* for appellant.

*Parks & Eisenberg, David S. Eisenberg, Gerald P. Thurmond,* for appellee.

NICHOLS, Justice. 1. The appellant relies upon the cases of *Ingram v. Hurt,* 10 Ga. 568; and *Brooks v. Rooney,* 11 Ga. 425 (56 AD 430), to support its contention that it, as a judgment creditor, is permitted to pursue the collection of its judgment after the death of Mollie G. Greenberg and therefore to obtain preference over other creditors of the estate by its perseverance

in locating assets of the estate and having fi. fas. or garnishments issued.

In both of the above cited cases judgment creditors had property levied upon and sold by the sheriff without any effort being made by the representatives of the estates to prevent such sales, and the court held in both cases that the purchaser at the judicial sales obtained good title as against the representative of the estates. See *Holt v. Laurens*, 193 Ga. 136 (17 SE2d 571).

In the case sub judice the executor sought the aid of equity to prevent the judgment creditor from interfering with the proper administration of the estate, and in effect to require the judgment creditor to take its proper place with other creditors of the estate of the deceased.

*Code Ann.* § 113-1508 provides the order of priority of claims against an estate, and to permit a judgment creditor to proceed to collect its judgment by garnishment, during the time permitted by law for the executor to marshal the assets of the estate and determine the claims against the estate, would be to vitiate the priority set forth in such Code section. The trial court did not err in granting the injunction upon motion of the executor and in denying the defendant's motion for summary judgment except as to such extent as will be dealt with in the next division of this opinion. See *Georgia Money Corp. v. Rissman*, 220 Ga. 476 (139 SE2d 486).

2. Prior to the death of Mollie G. Greenberg a summons of garnishment was served upon and answered by the First National Bank of Atlanta. The garnishee tendered into court a sum of money on deposit with it at the time it filed such answer. Assuming, as contended by the appellant, that these funds were still on deposit with the court at the time the injunction was rendered and were a part of the estate of the deceased, where the time for filing claims in garnishment cases (*Code Ann.* § 46-408) had expired months before the petition for injunction was filed and no claim was filed the right of the judgment creditor to such funds cannot be disputed and the judgment of the trial court is affirmed with direction that it be amended so as to expressly exclude such funds from the scope of the injunction.

*Judgment affirmed. All the Justices concur.*