Carol LUNDGREN, Personal Representative of the Estate of James Lundgren, Appellant,

v.

Daniel GAUDIANE, Appellee.

No. S–2917.

Supreme Court of Alaska.

Nov. 9, 1989.

Gail M. Ballou, Law Office of Gail M. Ballou, Fairbanks, for appellant.

Edward A. Merdes, Law Office of Edward A. Merdes, Fairbanks, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

COMPTON, Justice.

This appeal, like two others before it, arises from a contract dispute between Daniel Gaudiane and James Lundgren. Following the first appeal and remand, the Internal Revenue Service (IRS) levied on Gaudiane's rights under the impending judgment. Lundgren filed an interpleader action in federal court, seeking to determine to whom he should pay the proceeds of the judgment. He deposited in that court funds in the amount of the judgment on remand. Ultimately Lundgren's interpleader action was dismissed without prejudice. After that action was dismissed, but before the deposited funds could be returned, Lundgren died. Over the protest of Lundgren's estate, the superior court seized the funds deposited in federal court and disbursed them to Gaudiane. On appeal Lundgren's personal representative argues, among other things, that by seizing the deposited funds the superior court violated the Alaska probate code. We agree and therefore reverse.[1]

## I. FACTS AND PROCEEDINGS

In 1983 Daniel Gaudiane filed suit against James Lundgren, seeking a share of the profits from a land transaction arranged by Lundgren. After a jury verdict for Lundgren, Gaudiane appealed to this court. We reversed, holding that Gaudiane was entitled to a $50,000 commission and to one-fourth of the profits from the land transaction, less Gaudiane's share of certain title-clearing expenses incurred by Lundgren. *Gaudiane v. Lundgren,* 723 P.2d 1267 (Alaska 1986) (*Gaudiane I*).

On remand Gaudiane moved for entry of judgment, arguing in part that he should receive immediately the value of one-fourth of the anticipated profits. *Gaudiane v. Lundgren,* 754 P.2d 742, 743 (Alaska 1988) (*Gaudiane II*). Lundgren argued that Gaudiane should receive his share of future profits only when future payments on the transaction were received by Lundgren. *Id.* Alternatively, Lundgren argued that if the superior court awarded future profits in a lump sum, then the future profits should be reduced to present value. *Id.*

In November 1986 the court entered judgment ordering that Gaudiane receive in a lump sum the present value of his share of future profits. *Id.* at 744. Both parties appealed. *Id.*

In the interim the IRS, anticipating that judgment would soon be entered in favor of Gaudiane, levied on Gaudiane's rights under the impending judgment to satisfy Gaudiane's delinquent tax debt. Following entry of judgment on remand, Gaudiane moved the superior court for distribution of the funds, arguing that he had entered into an agreement with the IRS and that the IRS levy was in violation of the agreement.

Lundgren feared that he might be forced to pay the judgment twice—once to Gaudiane and once to the IRS. He discussed the case with an IRS attorney, who advised him to file an interpleader action in federal court. In December 1986 Lundgren filed an interpleader action in federal court, depositing into the registry of that court the sum of $193,249.88.

On December 10, 1986, the superior court entered an order denying Gaudiane's motion to distribute the funds. The order stated that Lundgren could file an interpleader in superior court, and deposit the proceeds of the judgment in that court.

Taking a stance contrary to the advice of the IRS attorney, the Department of Justice (Department) moved to dismiss Lundgren's federal court action for lack of subject matter jurisdiction. The Department argued that the "proper course is for [Lundgren] to commence an action in state court, the United States then has the option to remove the action to the district court, in this manner [the district court] would have jurisdiction." After the federal court ordered further briefing on the issue of jurisdiction, Lundgren moved to dismiss the interpleader action. In November 1987 the federal court dismissed Lundgren's action without prejudice.

In January 1988 Lundgren died. His daughter, Carol Lundgren, initiated a pro-

---

**1.** Following oral argument we entered an order reversing and vacating the judgment appealed from, and directing entry of an order requiring redeposit of the funds erroneously disbursed.

bate proceeding and was appointed personal representative of the estate. In an order signed on April 8, the federal court ordered the interpled funds disbursed to Carol Lundgren in her capacity as representative of Lundgren's estate. On April 12 the clerk withdrew the interpled funds from two bank accounts and deposited them in the registry of the federal court. On April 13 a registry check was drawn in compliance with the order for release of funds.

That same day, Gaudiane served on the clerk of the federal court a writ of execution on the November 1986 judgment. Upon service of the writ, the clerk voided the registry check and awaited further order of the federal court.

On April 15 this court reversed the superior court's November 1986 judgment. *Gaudiane II*, 754 P.2d at 745. We concluded that the superior court had erred in requiring Lundgren to cash out Gaudiane's share, *id.* at 744, holding that "Gaudiane must wait for each installment as it is paid." *Id.*

On April 18 Carol Lundgren moved the superior court to quash the writ of execution and vacate the levies. She argued that the Alaska probate code prohibits execution on a decedent's assets and that the reversal of the judgment upon which the writ was based had rendered the writ unenforceable.

The superior court did not quash the writ of execution. Instead it entered an order requesting the federal court to pay the interpled funds into the registry of the superior court. The next day, the federal court ordered its clerk to disburse the funds to the clerk of the superior court. The clerk of the superior court deposited the funds in three bank accounts.

On May 31, 1988, the superior court entered judgment on remand. The judgment in favor of Gaudiane included his $50,000 commission and his share of past installment payments, plus prejudgment interest. It also included his share of future installment payments, offset by his share of title-clearing expenses. Finally, it included attorney's fees.

On June 1, the superior court ordered that 13 days from the date of the mailing of the order, the amount of the judgment would be paid over to Gaudiane from the deposited funds. It also ordered that any balance should be paid to Lundgren.

Lundgren petitioned this court for review of the superior court's disbursement order. We stayed the disbursement order pending consideration of the petition. On July 18, we denied the petition and instructed Lundgren to file an appeal from the disbursement order.

On July 25, the superior court released over $170,000 to Gaudiane's attorney without notifying Lundgren. When Lundgren learned of the superior court's action, she moved to restrain Gaudiane from disposing of the released funds, offering the balance of the funds as a supersedeas bond. The court denied her motion.

On August 2, Lundgren filed this appeal.

## II. DISCUSSION

### A. THE SUPERIOR COURT'S ISSUANCE OF A WRIT OF EXECUTION ON THE FUNDS DEPOSITED IN FEDERAL COURT VIOLATED AS 13.16.505.

■ Lundgren contends that by requesting the federal court to transfer the funds deposited in the federal court registry, the superior court violated AS 13.16.505. AS 13.16.505 provides:

No execution may issue upon nor may any levy be made against any property of the estate under any judgment against a decedent or a personal representative, but this section shall not be construed to prevent the enforcement of mortgages, pledges or liens upon real or personal property in an appropriate proceeding.

Gaudiane contends that the funds were not "property of the estate," and that AS 13.16.505 is therefore inapplicable. He does not assert that the federal court's custody of the funds is relevant to the question of whether the funds were "property of the estate." Instead he merely asserts that the funds are "judgment proceeds." Apparently Gaudiane would have this court hold that the November 1986 judgment ended Lundgren's property interest in the funds. Gaudiane cites no authority in support of this proposition, and it is not possible to construct a coherent argu-

ment from the statements in his brief. It suffices to say that if mere entry of a judgment rendered funds no longer "property of the estate," AS 13.16.505, which prohibits execution or levy against "property of the estate," would serve no purpose.

Gaudiane also contends that AS 09.35.060, rather than AS 13.16.505, governs execution upon the assets of an estate. AS 09.35.060 provides:

> If the judgment debtor dies after judgment, execution may be issued on the judgment in the manner and with the effect as if the debtor were still living, except that no action may be taken within six months from the granting of letters testamentary or of administration upon the estate of the deceased without leave of the court having jurisdiction over the probate of the estate.

Gaudiane asserts that the writ of execution was issued upon a judgment rendered in November 1986, long before Lundgren's death. He further asserts that the writ of execution was issued with leave of the superior court. Gaudiane relies upon these assertions in arguing that AS 09.35.060 applies to the execution in this case.

It is not necessary to determine whether AS 09.35.060 applies to the execution or levy in this case. To the extent that AS 09.35.060 conflicts with AS 13.16.505, the latter section prevails.

AS 13.16.505 and AS 09.35.060 each address the question of whether a writ of execution may issue against the estate of a judgment debtor. The provisions are not complementary. Rather they represent alternative, inconsistent ways of treating executions:

> Under the Uniform Probate Code § 3.812 [codified in Alaska as AS 13.16.505] and in a number of jurisdictions, death of the judgment debtor terminates the possibility of issuing a valid writ of execution

upon a money judgment. In other jurisdictions an execution may issue upon leave of the probate court or the court which rendered the judgment or some other specified court, or upon expiration of a certain period after the death, or upon a combination of such conditions.

S. Riesenfeld, *Creditors' Remedies and Debtors' Protection*, 84–85 (3d ed.1979) (citations omitted).

■ AS 09.35.060 was enacted in 1962. Ch. 101, § 15.06, SLA 1968. AS 13.16.505 was enacted in 1972. Ch. 78, § 1, SLA 1972. Because the latest declaration of the legislature prevails, to the extent that AS 09.35.060 is inconsistent with AS 13.16.505 it must treated as repealed. 1A C. Sands, *Sutherland Statutory Construction* § 22.22 (3d ed. revised 1973). Since the superior court violated AS 13.16.505, it is irrelevant that the court's actions may have been in compliance with AS 09.35.060.

"[T]he purpose of AS 13.16.505 is to freeze the status of all claims at the death of the debtor in order to provide for the orderly administration of the estate." *Sheehan v. Estate of Gamberg*, 677 P.2d 254, 256 (Alaska 1984). By seizing an asset of the estate, the superior court both contravened the policy of AS 13.16.505 and violated its terms. On remand, the superior court should require Gaudiane to restore to Lundgren's estate the funds wrongfully seized.[2]

## B. THE SUPERIOR COURT ERRED IN CHARGING LUNDGREN WITH INTEREST FOR THE PERIOD DURING WHICH THE INTERPLED FUNDS WERE ON DEPOSIT WITH FEDERAL AND STATE COURTS.

■ In its judgment of June 1, 1988, the trial court charged Lundgren with prejudgment interest accrued before May 31, 1988.

---

**2.** When Carol Lundgren learned that the superior court had disbursed funds to Gaudiane, she moved to restrain Gaudiane from disposing of the disbursed funds. Apparently she asked the court to use the deposited funds as a supersedeas bond. The court denied the motion, ruling that the funds could not be so used. On appeal, Lundgren challenges the court's denial of her motion.

This issue is moot; that is, a decision on this issue would have no practical effect. *See Pan Alaska Trucking, Inc. v. Crouch*, 773 P.2d 947 (Alaska 1989). Because the issue is not one of "grave public concern" and is unlikely to arise again, this court will not consider it. *Id.*

Lundgren contends that the trial court erred in charging the estate with interest accrued after December 5, 1986. She asserts that after that date the funds were on deposit in the federal and state courts, and observes that as a general rule interest should not accrue against a person making a deposit after it is made.[3]

Gaudiane contends that the federal court lacked subject matter jurisdiction over Lundgren's interpleader action, and therefore the deposit did not stop the accrual of interest.

■ The purpose of awarding prejudgment interest is to compensate the successful claimant for losing the use of money between the date he or she was entitled to it and the date of judgment. *Bevins v. Peoples Bank & Trust Co.*, 671 P.2d 875, 881 (Alaska 1983). A corollary purpose is to prevent the unsuccessful party from being unjustly enriched by the use of the money. *Id.* If the disputed funds were not in the possession of the unsuccessful party prior to judgment, available for investment, an award of interest against that party would ordinarily be unjust. *Id.* Such an award may be justified, however, where the unsuccessful party has *unreasonably* deprived the successful party of the use of the funds.[4] *Id. See also Michigan & Ohio Plaster Co. v. White*, 44 Mich. 25, 5 N.W. 1086, 1091 (1880) (deposit incident to interpleader action did not stop accrual of interest because "there was no proper excuse or reason for filing" the action); *Groves v. Sentell*, 66 F. 179, 181 (5th Cir.1895) (interest on deposited funds may accrue when "some fault or delay in the proceedings can be attributed to [the complainant's] conduct").

Unless Lundgren acted unreasonably in depositing the funds in federal court, it would be unjust to charge the estate with interest accrued after December 1986. Lundgren apparently filed the interpleader action on the advice of attorneys employed by the IRS. The Department of Justice repudiated that advice and moved to dismiss the federal action for lack of subject matter jurisdiction. Lundgren's motion to dismiss does not suggest that he believed that court lacked subject matter jurisdiction. His motion may have been prompted by a desire to avoid expensive and unnecessary litigation. The federal court's request for additional briefing suggests that the jurisdictional issue was not an easy one.

Lundgren did not act unreasonably in depositing the funds in federal court. It would therefore be unjust to charge the estate with interest accrued after December 1986. The trial court erred in charging the estate with such interest.

## C. THE SUPERIOR COURT ERRED IN ITS TREATMENT OF LUNDGREN'S POST–TRIAL EXPENSES.

■ In *Gaudiane II*, we concluded that "Gaudiane's recovery should be offset by the ongoing title clearing expenses which Lundgren continues to incur." *Gaudiane II*, 754 P.2d at 744. Accordingly, we stated: "Because Lundgren has incurred additional title clearing and acquisition expenses since the trial in *Gaudiane I*, on remand the trial court is free to take additional evidence on the amount of post-trial expenses." *Id.* at 745.

Following the remand, Lundgren moved to set the case for trial on "issues of damages and offsets."

Gaudiane opposed the motion, suggesting that "Lundgren need only submit an affidavit to the court outlining these expenses. If Gaudiane does not object, then the court will automatically assess 25% of them out of Gaudiane's share."

On May 17, 1988, the superior court entered an order denying Lundgren's request

**3.** Lundgren also observes that the federal court provided it its order of December 23, 1986, "The plaintiff shall be and hereby is, relieved of any obligation to pay interest to any defendant on the deposited funds as of the date of this order." Lundgren contends that this order should be given preclusive effect on the interest issue.

**4.** In *Bevins*, Bevins and Peoples Bank each claimed ownership of funds interpled by AHSA. 671 P.2d at 878. The court found Bevins should be charged with interest on the funds after such time as it no longer had any reasonable claim against the funds.

to set the case for trial. The order provided that Lundgren should "submit in affidavit form the amount of ... post trial title clearing expenses and [Gaudiane] shall have five (5) days to object."

On June 1, despite Lundgren's failure to submit the requested affidavits, the court entered judgment in favor of Gaudiane, which included "25% of all future payments due [Lundgren] under the Fisher Development Note, less 25% of title clearing costs, with the court, if necessary, to take evidence on additional title clearing costs."

Lundgren argues that the court (1) should have set trial on the issue of title clearing expenses, and (2) should have calculated and deducted title clearing expenses before entering judgment.

In support of her first argument, Lundgren apparently asserts that she has the right to present her claim for title clearing expenses to a trier of fact. This assertion is incorrect. By requesting that the parties submit affidavits on the issue of expenses, the trial court in effect treated Gaudiane's "objection to motion to set for trial" as a motion for summary judgment. The court attempted to determine whether there were any genuine issues of fact be tried. In so doing it did not abuse its discretion.

It is unclear, however, why the trial court entered judgment before Lundgren had submitted an affidavit of expenses. On remand, the trial court should provide Lundgren with an opportunity to establish expenses before entering judgment.[5]

### III. CONCLUSION

The judgment of the superior court is REVERSED and REMANDED for proceedings consistent with this opinion.

---

5. In its judgment of June 1, 1988, the superior court awarded attorney's fees calculated in accordance with the schedule in Alaska Civil Rule 82(a)(1). Lundgren argues that the superior court abused its discretion in awarding attorney's fees "without any motion for attorney's fees and without affording the personal representative any say on the issue of the propriety of a Rule 82 fee award." Lundgren's argument is without merit. "Under Civil Rule 82(a), a trial judge may award attorney's fees without a formal motion by [the prevailing party] and without a hearing." *Urban Development Co. v. Dekreon*, 526 P.2d 325, 329 (Alaska 1974).