921 P.2d 117

**INTERNATIONAL SAVINGS AND LOAN ASSOCIATION, LIMITED, Plaintiff–Appellee,**

v.

**Howard Calvert WIIG, Defendant–Appellant,**

and

**Association of Apartment Owners of Kona Kai, John Does 1–50, Jane Does 1–50, Doe Partnerships 1–50, Doe Corporation 1–50, Doe Entities 1–50, Doe Governmental Units 1–50, Defendants.**

No. 18232.

Supreme Court of Hawai'i.

July 12, 1996.

Steven Guttman and Susan A. Ing, on the briefs, Honolulu, for defendant-appellant.

Robert M. Ehrhorn, Jr., on the briefs, Honolulu, for plaintiff-appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

KLEIN, Justice.

The salient issue in this case is whether a garnishment of wages survives the expiration of a ten year statutory limitation pursuant to Hawai'i Revised Statutes (HRS) § 657–5 (1993) on the life of the underlying judgment. We answer in the negative and accordingly reverse the trial court's order denying appellant's motion to set aside the garnishee order, release the garnishee, and reimburse appellant for the funds garnished after the limitation period had run against the judgment.

## I. FACTS

On March 8, 1984, International Savings and Loan Association (International Savings) secured a judgment against Howard Calvert Wiig in the amount of $36,664.49 following a civil foreclosure action. On May 21, 1984, International Savings filed a motion for the issuance of a garnishee summons to enforce the judgment. On July 11, 1984, the circuit court entered a garnishee order directing the Comptroller of the State of Hawai'i, as Wiig's employer, to withhold a certain portion of Wiig's salary and to pay it over to International Savings until the balance of the judgment, plus legal interest, was fully paid.

Pursuant to the garnishee order, Wiig's wages were garnished from May 31, 1984, until the garnishee, State of Hawai'i, was released on July 7, 1994. On April 5, 1994, Wiig moved to set aside the garnishee order, release the garnishee and obtain reimbursement for funds garnished after the expiration of the judgment on March 8, 1994.

On June 23, 1994, the circuit court denied Wiig's motion, concluding that:

> "The garnishment action was commenced before the expiration of ten years while the [j]udgment was still valid. Thus the garnishee order continues in effect un-

*til the satisfaction of the judgment. The Movant must show satisfaction of the judgment and may not rely upon the statutory presumption of satisfaction of the judgment."*

Wiig thereafter timely appealed.

## II. STANDARD OF REVIEW

 "The interpretation of a statute is a question of law reviewable *de novo.* When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." *Richardson v. City and County of Honolulu,* 76 Hawai'i 46, 63, 868 P.2d 1193, 1210, *reconsideration denied,* 76 Hawai'i 247, 871 P.2d 795 (1994) (citations and internal quotation marks omitted). Therefore, "the fundamental starting point for statutory interpretation is the language of the statute itself.... And where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." *Id.*

## III. DISCUSSION

A. *The circuit court erred in ruling that HRS § 657–5 was not applicable because International Savings commenced the garnishment proceeding prior to the expiration of the judgment.*

Hawai'i Revised Statute § 657–5 (1993) provides that:

*Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered.* No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. *No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered.* A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or de-

cree. No extension shall be granted without notice and a hearing.

(Emphases added.) The plain language of HRS § 657–5 clearly mandates that all judgments and decrees be deemed extinguished after ten years unless timely renewed. HRS § 657–5 places the burden on the judgment creditor to seek judicial extension of the judgment prior to the expiration of the ten year statutory period; otherwise, the judgment is presumed to be "paid and discharged" as a matter of law.

In the instant case, it is uncontroverted that International Savings did not renew or extend its judgment against Wiig before the ten year period had run. Accordingly, pursuant to the plain language of HRS § 657–5, the judgment expired on March 8, 1994—ten years after the original judgment was rendered.

 International Savings maintains, however, that the garnishment order "tolled" the life of the judgment beyond the ten year period. We disagree. HRS § 657–5 is a statute of repose that compels the exercise of a right within the statutorily defined period of time. *Cf. Cochran v. Pflueger Automobiles, Inc.,* 72 Haw. 460, 464, 821 P.2d 934, 936 (1991) ("the primary purpose of a statute of limitation is to compel the exercise of a right of action within a reasonable time."); 51 Am.Jur.2d *Limitations of Actions* §§ 16 and 17 (1985). In this respect, HRS § 657–5 provides the judgment creditor a ten year interval within which to attempt collection of the judgment. If the judgment is not satisfied within the prescribed period, the judgment creditor may extend or renew the judgment for an additional ten year term. If the judgment creditor fails to secure the extension within the ten years, the judgment and all the rights and remedies appurtenant to that judgment terminate. Consequently, the garnishment order does not "toll" the life of the judgment beyond the statutorily allowed period.

If we were to subscribe to International Savings's interpretation of HRS § 657–5, a judgment creditor could garnish a debtor's wages indefinitely beyond the twenty year

maximum life of judgments.[1] This would completely defeat the intent and purposes of HRS § 657–5, which places a limit on the allowable period within which a judgment creditor may collect on its judgment.

In support of its "tolling" argument, International Savings cites *Brooks v. Minn,* 73 Haw. 566, 836 P.2d 1081 (1992), for the proposition that garnishment proceedings "toll" the ten year life on judgments. *Brooks,* however, addressed the issue whether the six year statute of limitations under HRS § 657–1 or the ten year statute of limitations under HRS § 657–5 applied to the enforcement of a promissory note that was incorporated into a property settlement agreement, which was then merged into a final divorce decree. *Id.* at 572–73, 836 P.2d at 1084. We held in *Brooks* that the note was part of the divorce decree, and, therefore, the ten year limitation pursuant to HRS § 657–5 applied. *Id.* at 575–76, 836 P.2d at 1086. The *Brooks* decision does not support the proposition that a garnishment proceeding or any other enforcement action "tolls" the time limitation imposed by HRS § 657–5. Accordingly, *Brooks* is inapposite to the present case.

■ International Savings further contends that HRS §§ 636–3 [2] and 653–11 [3] must be read in conjunction with HRS § 657–5 because these statutes are *in pari materia,* or relate to the same matter. We have held that "laws *in pari materia,* or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another." *Richardson,* 76 Hawai'i at 55, 868 P.2d at 1202. "[W]here there is a 'plainly irreconcilable' conflict between a general and specific statute concerning the same subject matter, the specific will be favored. However, where the statutes simply overlap in their application, effect will be given to both if possible, as repeal by implication is disfavored." *Id.*

Contrary to International Savings's argument, HRS §§ 636–3 and 653–11 are not *in pari materia.* HRS § 636–3 concerns a lien on real estate, whereas HRS § 653–11 concerns a garnishment of wages. HRS §§ 653–11 and 657–5, on the other hand, are *in pari materia* because both involve the expiration of a judgment and garnishment proceedings ancillary to that judgment. An analysis of HRS §§ 653–11 and 657–5 reveals, however, that the statutes are complementary rather than conflicting. HRS § 653–11 provides that a garnishment of wages terminates when the judgment is withdrawn, dismissed or fully paid. HRS § 657–5 creates a statutory presumption that the judgment is "fully paid" after ten years from the date the judgment was rendered unless the judgment is renewed. In construing HRS §§ 653–11 and 657–5 *in pari materia,* we hold that the general scheme of the two statutes is to terminate a judgment when the judgment is actually paid or presumed to be paid as a matter of law.

International Savings confuses *in pari materia* with the maxim, *expressio unius est exclusio alterius,* that is, "the mention of one thing implies the exclusion of another." Black's Law Dictionary 763 (6th ed.1990). Essentially, International Savings contends that the mention of a ten year limitation on a judgment lien in HRS § 636–3, and the lack of such limitation in HRS § 653–11, implies that the ten year statutory limitation on the life of judgments under HRS § 657–5 does not apply to HRS § 653–11. Therefore, International Savings argues that (1) the effect

---

1. HRS § 657–5 explicitly states that the "court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree."

2. HRS § 636–3 (1993) provides in relevant part that:

 Any money judgment or decree of a state court or the United States District Court for the District of Hawaii shall be a lien upon real property when a copy thereof, certified as correct by a clerk of the court where it is entered, is recorded in the bureau of conveyances. No such lien shall continue beyond ten years after the date of the judgment.

3. HRS § 653–11 (1993) provides in relevant part that:

 The garnishee shall continue to withhold such amount or amounts until the action against the beneficiary has been withdrawn or dismissed, or the judgment against the beneficiary therein, if any, has been fully paid, with legal interest; either of which event shall be certified by the court in or before which the action has been pending.

of HRS § 653–11 is to place a lien on the judgment debtor's future income until the debt is fully paid and (2) the garnishee order tolls the effect of HRS § 657–5 on the judgment for as long as the order remains in effect or until the judgment has been paid in full.

■ It is well settled that a court's primary obligation in interpreting a statute is to give effect to the intent of the legislature. *Richardson,* 76 Hawai'i at 55, 868 P.2d at 1202. The maxim, *expressio unius est exclusio alterius,* exists only as an aid to statutory interpretation and its application should be limited to ascertaining legislative intent which is not otherwise apparent. *Massachusetts Trustees of Eastern Gas and Fuel Assocs. v. United States,* 312 F.2d 214, 220, *aff'd,* 377 U.S. 235, 84 S.Ct. 1236, 12 L.Ed.2d 268 (1964). The inclusion of a specific matter in a statute implies the exclusion of another "only where in the natural association of ideas the contrast between a specific subject matter which is expressed and one which is not mentioned leads to an inference that the latter was not intended to be included within the statute." 82 C.J.S. *Statutes* § 333, at 670 (1953).

In our view, the legislature did not intend to implicitly allow for the garnishment of wages until the judgment is actually fully recovered. HRS §§ 636–3 and 653–11 are not so closely related that the explicit limit of ten years on a judgment lien under § HRS 636–3 reveals an intent by the legislature to allow the garnishment of wages under HRS § 653–11 beyond the ten year life of the judgment. Moreover, HRS § 636–3 was intended to address a specific concern, not to set a rule of general applicability. We therefore hold that the inclusion of the ten year limitation on judgments in HRS § 636–3, but not in HRS § 653–11, does not imply that the HRS § 657–5 ten year limitation on judgments is inapplicable to HRS § 653–11. To the contrary, as discussed above, HRS §§ 653–11 and 657–5, read *in pari materia,* operate in conjunction to terminate a judgment upon the actual payment of the judgment debt or the presumptive payment of the judgment debt upon the expiration of ten years.

International Savings also suggests that HRS § 657–5 should only apply to judgment creditors who have not secured a garnishment order. We find no meaningful difference between a judgment creditor that obtains a garnishment order and a judgment creditor that does not obtain a garnishment order to justify the selective application of HRS § 657–5. In either case, the rights and remedies pertaining to the judgment are terminated as a matter of law unless the judgment creditor takes affirmative steps to protect its judgment.

For these reasons, we hold that under HRS § 657–5, the judgment, together with all the rights and remedies appurtenant to it, are conclusively presumed paid and discharged after ten years unless timely renewed. The existence of a garnishment order does not "toll" the life of the judgment beyond the ten year period. Accordingly, the trial court erred when it concluded that HRS § 657–5 did not apply because International Savings commenced the garnishment proceeding prior to the expiration of the judgment.

B. *The circuit court erred in ruling that the garnishment order remained in full force and effect until fully satisfied even though the underlying judgment expired as a matter of law.*

■ We held in *Fortune v. Wong,* 68 Haw. 1, 12, 702 P.2d 299, 307 (1985), that "[t]he existence of a valid judgment is a jurisdictional prerequisite to garnishment relief. . . . But once a judgment is extinguished by a reversal, vacation, or dismissal, garnishment proceedings pertaining to that judgment are precluded." In other words, the garnishment cannot survive in absence of a valid and existing judgment.

International Savings argues that *Fortune* is inapposite to the instant case because the judgment in *Fortune* was reversed on appeal, whereas the judgment in this case expired as a matter of law under HRS § 657–5. To the contrary, we believe that the *Fortune* reasoning is germane to this case. A garnishment order, which is based on the judgment, cannot survive independently of the judgment

regardless of whether the judgment is vacated, dismissed, or deemed "paid and discharged" as a matter of law.

 The primary purpose of a garnishment is to enforce the payment of a judgment. *First Nat. Bank in Chester v. Conner,* 485 S.W.2d 667, 671 (Mo.Ct.App.1972) ("a 'garnishment' is an ancillary remedy in aid of execution to obtain payment of a judgment"). A garnishment "is an incident to or an auxiliary of judgment rendered in principal action, and is resorted to as a means of obtaining satisfaction of judgment by reaching credits or property of judgment debtor." Black's Law Dictionary 680 (6th ed.1990). Where the law conclusively presumes that the judgment has been "paid and discharged," there is no judgment to enforce, and, consequently, no basis for the continuance of the garnishment.

The plain language of HRS §§ 653–11 and 657–5 clearly support this conclusion. HRS § 653–11 states in pertinent part that "[t]he garnishee shall continue to withhold such amounts until ... the judgment against the beneficiary therein, if any, has been *fully paid* [.]" (Emphasis added). HRS § 657–5 explicitly provides that the judgment is presumed fully "paid and discharged" as a matter of law upon the expiration of judgment. Accordingly, the garnishment order is conclusively presumed to be paid and discharged upon the expiration of the underlying judgment.

 We thus hold that the garnishment order issued in this case terminated with the demise of the judgment. As such, the circuit court erred in ruling that the garnishment order remained in full force and effect until fully satisfied even though the underlying judgment expired as a matter of law.

## IV. CONCLUSION

For the reasons set forth above, we reverse the trial court's order denying Wiig's motion to set aside the garnishee order, release the garnishee and for reimbursement of wages garnished after March 8, 1994, and remand for proceedings consistent with this opinion.