**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000922
22-OCT-2015
08:50 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---

GERALD K. MOUNT, JR. and JANE R. MOUNT,
Plaintiffs/Counterclaim-Defendants/Appellees,
v.
MARGARET APAO, Defendant-Appellant,
and
DIRK APAO as Co-Personal Representative of
THE ESTATE OF ROSE MARIE ALVARO, deceased,
Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff/Appellant,
and
SESHA LOVELACE, as Co-Personal Representative of
THE ESTATE OF ROSE MARIE ALVARO, deceased,
Defendant/Appellee,
and
U.S. BANK NATIONAL ASSOCIATION, A NATIONAL ASSOCIATION
AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORPORATION
MORTGAGE PASS-THROUGH CERTIFICATES 2005-SC1,
Third-Party Defendant/Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, ALL PERSONS
RESIDING WITH AND ANY PERSONAL CLAIMING BY AND
THROUGH OR UNDER THEM,
Defendants

NO. CAAP-14-0000922

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2005)

OCTOBER 22, 2015

NAKAMURA, C.J., FOLEY AND REIFURTH, JJ.

OPINION OF THE COURT BY FOLEY, J.

Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff/Appellant Dirk Apao (**Dirk**) as Co-Personal Representative of the Estate of Rose Marie Alvaro (**Estate**), deceased, and Defendant-Appellant Margaret Apao (**Margaret**) (together, **Appellants**) appeal from the following orders entered in the Circuit Court of the First Circuit[1] (**circuit court**):

(1) "Garnishee Order as to Garnishee Title Guaranty Escrow Services, Inc." (**Garnishment Order**), entered on June 19, 2014; and

(2) "Order Denying Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dirk Apao's Motion to Quash April 3, 2014 Garnishee Summons and/or for Reconsideration of the Court's April 3, 2014 'Order for Issuance of Garnishee Summons,' Filed on April 21, 2014" (**Order Denying Motion to Quash**), entered on June 19, 2014.

On appeal, Appellants contend the circuit court did not have jurisdiction to garnish funds held by Garnishee-Appellee Title Guaranty Escrow Services, Inc. (**Title Guaranty**) because "distribution of the assets of the Estate is subject to the Probate Court's exclusive jurisdiction[.]"

## I. BACKGROUND

On September 7, 2011, the Plaintiffs/Counterclaim-Defendants/Appellees Gerald K. Mount, Jr. and Jane R. Mount (together, **Mounts**) filed a Complaint for ejectment and quiet title for the Estate's property (**Property**) against Appellants. The Mounts' Complaint alleged:

COUNT I
(EJECTMENT)

. . . .

13. [Margaret] and/or [the Estate] have unlawfully entered and remain upon the Property and, without right or authority of law, ousted [the Mounts] therefrom.

14. [Margaret] and/or [the Estate] are in possession of the Property and have withheld and continue to withhold possession of the Property from [the Mounts].

15. By reason of [Margaret] and/or [the Estate's] unlawful withholding of the Property, [the Mounts] have been deprived of the rents and profits thereof since on or about May 19, 2011, and unless relief is granted, will continue to be so deprived, to [the Mounts'] damage.

---

[1] The Honorable Karen T. Nakasone presided.

> 16. By virtue of [the Apaos'] wrongful possession [the Mounts] should be awarded possession of the premises, including a Writ of Possession and a Writ of Eviction and/or Ejectment, and an award of reasonable attorneys fees and costs incurred in this action.

COUNT II<br>(QUIET TITLE)

. . . .

> 18. [The Mounts], as rightful holders of the recorded Deed to the Property, herein seeks a final and binding determination of [the Apaos] alleged adverse claims of an interest in the Property, pursuant to Hawaii Revised Statutes [(HRS) § 669-1(a) (1993)].

The Mounts sought a writ of possession and an award of money damages.

On July 25, 2013, the circuit court entered a writ of possession in favor of the Mounts and against Appellants. On October 10, 2013, the circuit court entered the "Order Granting [the Mounts'] Motion for Award of Damages (Count 1 - Ejectment)," awarding the Mounts $201,759.68 in damages. On November 4, 2013, the circuit court entered the "Order Granting [the Mounts'] Request for Attorneys' Fees and Costs," awarding the Mounts attorneys' fees and costs. On February 20, 2014, the circuit court entered the "Order Granting [the Mounts'] Motion for Award of Supplemental Damages for Ejectment and for Entry of Final Judgment," awarding the Mounts $35,745.13 in additional damages for a total award of $237,504.81 in damages against Dirk and Margaret.

On March 13, 2014, the circuit court entered the Final Judgment, awarding damages in the amount of $237,504.81 and legal fees and costs in the amount of $208,592.23, in favor of the Mounts and against Dirk, as co-personal representative of the Estate, and Margaret (**Money Judgment**).

On April 3, 2014, the Mounts moved for a post-judgment order seeking garnishment of the funds from Title Guaranty, who was in possession of some of the Estate's funds (**Garnishee Summons**). That same day, the circuit court issued the "Order for Issuance of Garnishee Summons" to Title Guaranty.

On April 21, 2014, Dirk filed a motion to quash (**Motion to Quash**) the Mounts' Garnishee Summons. On April 22, 2014, Title Guaranty filed a garnishee disclosure, indicating it held

$34,301.96 in surplus funds in proceeds from the foreclosure sale of the Property to the Mounts. Title Guaranty disclosed that it "attempted to disburse the surplus funds to [Dirk], Co-Personal Representative of the [Estate,] but Mr. Gary Victor Dubin, counsel for [Dirk] refused such payout to the Estate."

On May 20, 2014, the Mounts filed their opposition to Dirk's Motion to Quash. On May 28, 2014, the circuit court held a hearing on Dirk's Motion to Quash and the Mounts' Garnishee Summons.

On June 19, 2014, the circuit court entered the Order Denying Motion to Quash and Garnishment Order. The Garnishment Order required Title Guaranty to pay the Mounts "the sum of $33,926.96 for a total amount that it has in its possession belonging to [Dirk]."

On July 3, 2014, Dirk filed a notice of appeal from the circuit court's Order Denying Motion to Quash and Garnishment Order.

## II.   STANDARD OF REVIEW

### A.   Jurisdiction

"The existence of jurisdiction is a question of law that [the appellate court reviews] de novo under the right/wrong standard." Captain Andy's Sailing, Inc., v. Dep't of Land and Natural Resources, 113 Hawaiʻi 184, 192, 150 P.3d 833, 841 (2006) (citation, internal quotation marks and some brackets omitted).

### B.   Statutory Interpretation

> The standard of review for statutory construction is well-established. The interpretation of a statute is a question of law which [the appellate] court reviews de novo. Where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning.
>
> Liberty Mut. Fire Ins. Co. v. Dennison, 108 Hawaiʻi 380, 384, 120 P.3d 1115, 1119 (2005) (internal quotations omitted) (quoting Labrador v. Liberty Mut. Group, 103 Hawaiʻi 206, 211, 81 P.3d 386, 391 (2003)).

Sierra Club v. Dep't of Transp., 120 Hawaiʻi 181, 197, 202 P.3d 1226, 1242 (2009).

## III.   DISCUSSION

### A.   Jurisdiction

Appellants contend the circuit court erred in garnishing Estate funds from Title Guaranty to partially satisfy the Mounts' Money Judgment because "the Probate Court has exclusive jurisdiction over all unsecured claims asserted by creditors of the Estate in the pending formal probate proceedings."

In general, the rights of creditors to a decedent's property are subject to the restrictions and limitations contained in Hawai'i's Uniform Probate Code.[2]  HRS § 560:3-101 (2006 Repl.) ("The power of a person to leave property by will, and the rights of creditors, devisees, and heirs to the decedent's property are subject to the restrictions and limitations contained in this chapter to facilitate the prompt settlement of estates.").  Contrary to Appellants' contention, however, the statute does not grant the probate court exclusive jurisdiction over creditors' claims.  HRS § 560:3-804(2) (2006 Repl.) specifically provides "[t]he claimant may commence a proceeding against the personal representative <u>in any court where the personal representative may be subjected to jurisdiction, to obtain payment of the claimant's claim</u>[3] <u>against the estate</u>, but the commencement of the proceeding must occur within the time limited for presenting the claim."  (Emphasis added.)  Similarly, this court held in <u>Labayog v. Labayog</u>, 83 Hawai'i 412, 433, 927 P.2d 420, 441 (App. 1996), that a claim brought pursuant to HRS § 560:3-804(2) "can be presented in a proceeding other than the

---

[2]     Hawai'i's legislature adopted the Uniform Probate Code (2006 Repl.) in 1996 with the belief that it would "significantly reduce the time, complexity, and expense of probate proceedings."  Conf. Comm. Rep. No. 77, in 1996 House Journal, at 991, Senate Journal, at 773.

[3]     Hawai'i's Uniform Probate Code defines "Claims" as follows:

"Claims", in respect to estates of decedents and protected persons, includes liabilities of the decedent or protected person, whether arising in contract, in tort, or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and expenses of administration. The term does not include estate or inheritance taxes, or demands or disputes regarding title of a decedent or protected person to specific assets alleged to be included in the estate.

HRS § 560:1-201 (2006 Repl.).

probate case and in a court other than the circuit court acting in probate." Therefore, assuming the Mounts sufficiently presented a claim for payment,[4] Appellants' contention that the probate court has exclusive jurisdiction over the Mounts' claim

---

[4] The record does not indicate that the circuit court determined whether the Mounts successfully presented a claim against the Estate, pursuant to HRS §§ 560:3-803 (2006 Repl.) and -804. HRS § 560:3-803, provides in relevant part:

§560:3-803 **Limitations on presentation of claims.** (a) All claims against either a decedent or a decedent's estate which arose before the death of the decedent, including claims of the State and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by another statute of limitations or non-claim statute, are barred against the estate, the personal representative, the decedent's trustee and the heirs and devisees of the decedent, unless presented within the earlier of the following:

. . . .

(2) Within eighteen months after the decedent's death, if notice to creditors has not been published as provided in section 560:3-801(a) or delivered as provided in section 560:3-801(b).

. . . .

(c) All claims against a decedent's estate which arise at or after the death of the decedent, including claims of the State and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are barred against the estate, the personal representative, the decedent's trustee, and the heirs and devisees of the decedent, unless presented as follows:

(1) A claim based on a contract with the personal representative or trustee, within four months after performance by the personal representative or trustee is due; or

(2) Any other claim, within the later of four months after it arises, or the time specified in subsection (a)(2).

HRS § 560:3-804 provides, in relevant part:

§560:3-804 **Manner of presentation of claims.** Claims against a decedent's estate may be presented as follows:

(1) The claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court.

is without merit.

**B.   HRS §§ 560:3-805 (2006 Repl.) and 560:3-812 (2006 Repl.)**

While we disagree with Appellants' claim that the probate court had exclusive jurisdiction over the Mounts' claim, we agree with Appellants' contention that the circuit court and the Mounts were bound to the procedures for satisfaction of claims against the Estate as set forth in HRS §§ 560:3-801 et. seq.  Citing HRS § 560:3-105 (2006 Repl.),[5] Appellants argue on appeal that the circuit court erred in garnishing the Estate's assets because the Mounts' claim was "subject to the rights and priorities of other creditors of the Estate in the pending formal probate action[.]"

HRS § 560:3-805 establishes a list of priorities for how payment of claims against an estate should be made when the assets of the estate are insufficient to satisfy all claims, and provides in relevant part:

§560:3-805 **Classification of claims.**  (a) If the applicable assets of the estate are insufficient to pay all claims in full, the personal representative shall make payment in the following order:

(1)   Costs and expenses of administration;

(2)   Reasonable funeral expenses including any claim by the department of human services pursuant to section 346-15;

(3)   Debts and taxes with preference under federal law;

(4)   Reasonable and necessary medical and hospital expenses of the last illness of the decedent, including compensation of persons attending the decedent and any claim by the department of human services pursuant to section 346-37 for expenses of the last illness of the decedent;

(5)   Debts and taxes with preference under other laws of

---

[5]   HRS § 560:3-105 provides in relevant part:

§560:3-105 **Proceedings affecting devolution and administration; jurisdictions of subject matter.** . . . . The court has exclusive jurisdiction of formal proceedings to determine how decedents' estates, subject to the laws of this State, are to be administered, expended, and distributed.  The court has concurrent jurisdiction of any other action or proceeding concerning a succession or to which an estate, through a personal representative, may be a party, including actions to determine title to property alleged to belong to the estate, and of any action or proceeding in which property distributed by a personal representative or its value is sought to be subjected to rights of creditors or successors of the decedent.

this State;

(6)     Any other claim against the estate pursuant to section 346-37; and

(7)     All other claims.

Payment of claims are to be made pursuant to HRS § 560:3-807 (2006 Repl.).[6]  Furthermore, HRS § 560:3-812 specifically provides that "[n]o execution may issue upon nor may any levy be made against any property of the estate under any judgment against a decedent or a personal representative[.]"[7]  A writ of

---

[6]     HRS §560:3-807 provides:

§560:3-807  **Payment of claims.**  (a)  Upon the expiration of the earlier of the time limitations provided in section 560:3-803 for the presentation of claims, the personal representative shall proceed to pay the claims allowed against the estate in the order of priority prescribed, after making provision for homestead, family and support allowances, for claims already presented that have not yet been allowed or whose allowance has been appealed, and for unbarred claims that may yet be presented, including costs and expenses of administration.  By petition to the court in a proceeding for the purpose, or by appropriate motion if the administration is supervised, a claimant whose claim has been allowed but not paid may secure an order directing the personal representative to pay the claim to the extent funds of the estate are available to pay it.

(b)  The personal representative at any time may pay any just claim that has not been barred, with or without formal presentation, but is personally liable to any other claimant whose claim is allowed and who is injured by its payment if:

(1)     Payment was made before the expiration of the time limit stated in subsection (a) and the personal representative failed to require the payee to give adequate security for the refund of any of the payment necessary to pay other claimants; or

(2)     Payment was made, due to negligence or wilful fault of the personal representative, in such manner as to deprive the injured claimant of priority.

[7]     HRS 560:3-812 provides:

§560:3-812.  **Execution and levies prohibited.** No execution may issue upon nor may any levy be made against any property of the estate under any judgment against a decedent or a personal representative, but this section shall not be construed to prevent the enforcement of mortgages, pledges or liens upon real or personal property in an appropriate proceeding.

Because the Mounts' action for ejection and quiet title of the Property was a separate action from U.S. Bank National Association's foreclosure of the

(continued...)

execution is a "[p]rocess to enforce a judgment for the payment of money . . . ." HRCP Rule 69.

Hawai'i appellate courts have yet to determine whether the prohibition against executions under HRS § 560:3-812 applies to garnishments. "A garnishment 'is an incident to or an auxiliary of judgment rendered in principal action, and is resorted to as a means of obtaining satisfaction of judgment by reaching credits or property of judgment debtor.'" Int'l Sav. & Loan Ass'n v. Wiig, 82 Hawai'i 197, 202, 921 P.2d 117, 122 (1996) (citing Black's Law Dictionary 680 (6th ed. 1990)). Like a writ of execution, "[t]he primary purpose of a garnishment is to enforce the payment of a judgment." Int'l Sav. & Loan Ass'n, 82 Hawai'i at 202, 921 P.2d at 122 (citing First Nat. Bank in Chester v. Conner, 485 S.W.2d 667, 671 (Mo. Ct. App. 1972) ("[A] 'garnishment' is an ancillary remedy in aid of execution to obtain payment of a judgment.")). Thus, similar to the policy reasons for disallowing courts from issuing a writ of execution over property in decedent's estate, allowing a creditor to obtain satisfaction of a judgment through garnishment of an estate's assets would obviate the classification of claims, as set forth in HRS § 560:3-805, and would undermine the prohibition against executions as provided in HRS § 560:3-812. See Prof'l Disc. Corp. v. Fulton Nat. Bank of Atlanta, 156 S.E.2d 80, 82 (Ga. 1967) ("[T]o permit a judgment creditor to proceed to collect its judgment by garnishment, during the time permitted by law for the executor to marshal the assets of the estate and determine the claims against the estate, would be to vitiate the priority set forth in such Code section."); see also Lundgren v. Gaudiane, 782 P.2d 285, 288 (Alaska 1989) (holding that entry of a judgment against an estate's assets does not remove the property from the estate and that "[i]t suffices to say that if mere entry of a judgment rendered funds no longer 'property of the estate,' [Alaska statute,] AS 13.16.505, which prohibits execution or levy against 'property of the estate,' would serve no purpose."); In

---

[7](...continued)
Property, the exception provided for under HRS § 560:3-812 for "enforcement of mortgages, pledges or liens upon real or personal property" does not apply. See id.

re Estate of Rosenberger, 495 N.W.2d 234, 236 (Minn. Ct. App. 1993) ("Just as attachment freezes the status quo in order for underlying claims to be sorted out, the probate code freezes the status quo (except for the payment of maintenance) by prohibiting executions of attachments.").

Interpreting HRS § 560:3-812 to prohibit the circuit court from issuing executions, but not garnishments, would result in an absurd and unjust result. See Schmidt v. HSC, Inc., 131 Hawaiʻi 497, 508, 319 P.3d 416, 427 (2014) ("[D]eparture from the literal construction of a statute is justified if such a construction yields an absurd and unjust result obviously inconsistent with the purposes and policies of the statute." (citation and internal quotation marks omitted)). Therefore, we interpret HRS § 560-812 as prohibiting the circuit court from ordering garnishment of an estate's funds to satisfy a judgment against the decedent or the personal representative of the estate that is in probate.

In the case at issue, the record indicates that on September 7, 2011, the Mounts filed their Complaint for ejectment and quiet title against Appellants, which culminated in the Money Judgment issued March 13, 2014 in favor of the Mounts and against both Dirk, as co-personal representative of the Estate, and Margaret for $237,504.81 in damages and $208,592.23 in legal fees and costs. On June 19, 2014, while the Estate was still undergoing formal probate proceedings,[8] the circuit court issued its Garnishment Order, requiring Title Guaranty to pay the Mounts $33,926.96, which were the Estate's funds being held in escrow

---

[8] The Estate probate proceedings were not made a part of the record on appeal in the instant case. "While matters not properly presented to the trial court may not ordinarily be considered by the appellate court on appeal, an appellate court may, in its discretion, take judicial notice of files or records of a case on appeal." Roxas v. Marcos, 89 Hawaiʻi 91, 110 n.9, 969 P.2d 1209, 1228 n.9 (1998) (citation, internal quotation marks and brackets omitted). "Courts have generally recognized that they may, in appropriate circumstances, take notice of proceedings in other courts, both within and without their judicial system, if those proceedings have a direct relation to the matter at issue." Id. (brackets omitted) (quoting Sapp v. Wong, 3 Haw. App. 509, 512 n.3, 654 P.2d 883, 885–86 n.3 (1982)). We take judicial notice of the Estate's probate proceedings in 1LP03-1-000018. Based on the document list from the Estate's probate proceedings, on January 14, 2003, the Estate went into informal probate and, on July 11, 2007, the proceedings were transferred to a formal proceeding.

from the Mounts' purchase of the Property.[9]  The circuit court erred in garnishing the Estate's funds to partially satisfy the Mounts' Money Judgment against Dirk, as co-personal representative of the Estate.

### IV.  CONCLUSION

The (1) June 19, 2014 "Garnishee Order as to Garnishee Title Guaranty Escrow Services, Inc."; and (2) June 19, 2014 "Order Denying Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Dirk Apao's Motion to Quash April 3, 2014 Garnishee Summons and/or for Reconsideration of the Court's April 3, 2014 'Order for Issuance of Garnishee Summons,' Filed on April 21, 2014," both entered in the Circuit Court of the First Circuit are vacated and this case is remanded for proceedings consistent with this opinion.


On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
(Dubin Law Offices)
for Defendant/Counterclaim-
Plaintiff/Third-Party
Plaintiff/Appellant.

Robert E. Chapman
Mary Martin
(Clay Chapman Iwamura Pulice &
Nervell)
and
Michael C. Bird
Summer H. Kaiawe
(Watanabe Ing)
for Plaintiffs/Counterclaim-
Defendants/Appellees.

Paul Alston
Pamela W. Bunn
J. Blaine Rogers
(Alston Hunt Floyd & Ing
of counsel)
for Third-Party
Defendant/Appellee.

---

[9]     The record does not indicate whether the circuit court considered the claims of other potential claimants when issuing its Garnishment Order.

11